GEORGE J. MEIER, Defendant in Error, *vs.* FREDERICK L. HILTON *et al.* Plaintiffs in Error.

*Opinion filed December 17, 1912—Rehearing denied Feb. 5, 1913.*

1. FORCIBLE DETAINER—*the action of forcible entry and detainer is a possessory action, only.* The action of forcible entry and detainer is a summary statutory proceeding for restoring to the possession of land a person who is wrongfully kept out or has been wrongfully deprived of the possession in the particular cases mentioned in the statute; but such action is possessory, only, and the question of title cannot be tried.

2. SAME—*when possession of defendants is subject to a foreclosure decree.* Parties going into possession of premises under a receiver appointed in a foreclosure proceeding and whose agreement with the mortgagor was made after he was served with process, acquire their interest during the pendency of the suit and take subject to its determination, and are, within the meaning of the statute, parties to the decree.

3. SAME—*what necessary before forcible detainer suit can be abated by pendency of a chancery proceeding.* Before a forcible detainer suit can be abated by the pendency of a chancery pro-

ceeding it must appear that the causes of action in the two proceedings are identical.

4. SAME—*when pendency of an injunction suit does not delay prosecution of forcible detainer.* Where, after the redemption of premises by a judgment creditor, a bill is filed by the persons in possession of the premises to enjoin a sale under such judgment creditor's execution, and, after denial of the injunction, the sale is had, the redemption money paid to the persons entitled thereto, and a cross-bill is filed in the injunction suit setting up such matters and praying that the cross-complainant be decreed to be the legal owner of the premises and entitled to immediate possession but stating no ground of equitable jurisdiction or any reason for equitable relief, (being without force as a basis for asking any independent action of the court but only as a defense to the bill,) the pendency of the injunction suit, with the cross-bill, furnishes no ground for delaying the prosecution of a forcible detainer suit by the cross-complainant.

5. SAME—*when purchaser at sheriff's sale is entitled to maintain forcible detainer action.* One who purchases at a sheriff's sale under an agreement that the person advancing the larger portion of the money shall be given a first mortgage and that another shall be given a deed subject to the mortgage holds title as trustee for both parties, and, pending the carrying out of the agreement, and in the absence of any agreement to the contrary, he is entitled to the possession of the premises and may maintain an action of forcible detainer against third parties in possession.

6. CONSTITUTIONAL LAW—*fact that a statute has been unquestioned for many years may be considered.* The fact that certain sections of a statute have been a part of the statutes of the State for many years without their validity ever being questioned does not establish their constitutionality, but such fact may be taken into consideration as indicating that an alleged discrimination which it is complained they make is not so clearly arbitrary and unreasonable as to have no just basis for existence.

7. SAME—*statutory provisions for redemption are not invalid.* The provisions of sections 18 to 24 of the act concerning judgments, decrees and executions, which control the subject of redemption from judicial sales, are not unconstitutional for discriminating between judgment creditors and other creditors, as the fact that a creditor has a judgment which may be enforced by execution constitutes a valid basis for the distinction.

8. SAME—*fact that redemption law applies principle of priority of time does not render it invalid.* It is a recognized principle that where equities are equal the first in time is first in right, and the application of this principle to the rights of judgment credit-

ors by the sections of the statute concerning redemption from judicial sales does not render such sections unconstitutional.

9. SAME—*redemption law is not invalid because of provisions concerning interest.* The fixing of the rate of interest, if any limit is to be fixed, is within the legislative power, and the fixing of a different rate of interest for redemption from judicial sales from that borne by judgments or accounts is not an unreasonable discrimination, such as renders the statutory provisions for redemption invalid.

10. REDEMPTION—*defendants have burden of showing that formal judgment was fraudulent.* In a forcible detainer proceeding by the purchaser at an execution sale under a redemption based upon a formal judgment, the defendants have the burden of proving their claim that the judgment is fraudulent and not based upon a valid indebtedness.

11. SAME—*time when judgment was recovered is not material.* The words "any judgment creditor," used in the statute with reference to the right to redeem from a judicial sale, means any creditor having a judgment upon which execution may issue at the time he seeks to redeem, without regard to the time when the judgment was recovered.

WRIT OF ERROR to the Municipal Court of Chicago; the Hon. JOSEPH SABATH, Judge, presiding.

FRED A. BANGS, for plaintiffs in error.

ASHCRAFT & ASHCRAFT, (E. M. ASHCRAFT, of counsel,) for defendant in error.

Mr. CHIEF JUSTICE DUNN delivered the opinion of the court:

The plaintiff in an action of forcible detainer in the municipal court of Chicago recovered a judgment for the possession of certain premises, and the defendants sued out a writ of error from this court on the ground that the validity of a statute was involved.

The action was brought under clause 6 of section 2 of the Forcible Entry and Detainer act by the purchaser at an execution sale made upon a redemption from a prior

foreclosure sale against the tenants under a lease from a receiver appointed in the foreclosure suit. John E. Amos, Jr., was the mortgagor, and the foreclosure suit was pending in the circuit court of Cook county prior to March 9, 1910. On that day the defendants entered into a contract with Amos for the purchase of the premises for $12,500, the mortgage to be assumed as part of the purchase price and the defendants to have possession on May 1. By agreement of all the parties a receiver was appointed in the foreclosure suit on April 20, 1910, and the next day he leased the premises to the defendants, who went into possession under the lease and paid rent to the receiver until his discharge, about the time of the expiration of the time for redemption from the sale under the decree. On account of the difficulties occasioned by Amos' financial embarrassment the defendants thought it best for them to get title under the foreclosure proceedings. On July 2, 1910, a decree of foreclosure for $9257.42 was entered, and on August 3 the premises were sold by a master to the complainant in the foreclosure suit for $8500. Subsequently the defendants procured James Hibben to buy the certificate of sale and hold it in his name for their benefit. On November 3, 1911, the last day for redemption, a redemption was made from this sale under an execution issued upon a judgment against Amos for $800 in favor of Helmer, Moulton & Whitman, which had been assigned to Cora A. Butler and by her to Bartholomew O'Toole. A sale was had under this execution on November 28, 1911, and James Hibben bought the property for $10,290, the amount of his certificate and the execution. On January 26, 1912, within the sixty days allowed by the statute for further redemptions, the plaintiff in the municipal court, George J. Meier, (the defendant in error,) recovered a judgment by confession against Amos for $3044.50 and costs, and on the next day he redeemed from the sale of November 28, 1911, by paying to the sheriff $10,392.90.

257 — 12

A sale was made under this redemption on February 27, 1912, to the plaintiff in the execution, (the defendant in error here,) for the amount of the redemption money, interest and costs, and Hibben surrendered his certificate to the sheriff and received and receipted for the redemption money. The defendant in error having received a deed from the sheriff and having demanded possession of the premises and been refused, brought this suit. The proceedings whereby the premises were conveyed to the defendant in error were in all respects formal and regular and on their face were sufficient to entitle the plaintiff to judgment. After the redemption by the defendant in error under his judgment, the plaintiffs in error filed a bill in the superior court of Cook county to enjoin the sale under his execution. The injunction was denied, and after the sale Hibben received from the sheriff the amount of the redemption money. The defendant in error by a cross-bill set up these facts occurring subsequently to the filing of the bill. The plaintiffs in error thereupon filed an amended and supplemental bill setting forth all the facts in the case, including the averments of the cross-bill, to which a demurrer was sustained and it was dismissed for want of equity. This forcible detainer case was tried by a jury, and at the conclusion of the evidence the court instructed the jury to return a verdict for the plaintiff.

The defendants' contentions are: (1) That the cross-bill in the case in the superior court was a suit pending for the same cause which could be shown in abatement of this suit; (2) that the statute providing for the redemptions from judicial sales is unconstitutional; (3) that the defendant in error was not entitled to the possession of the property; (4) that the judgment in favor of the defendant in error, under which he redeemed, was without consideration and fraudulent; (5) that having been rendered more than fifteen months after the foreclosure sale that judgment could not be used for redemption of the premises.

1.—The action of forcible entry and detainer is a summary statutory proceeding for restoring to the possession of land one who is wrongfully kept out or has been wrongfully deprived of the possession, in the particular cases mentioned in the statute. It is a possessory action, only, and it usually arises where one's possession has been forcibly invaded, between landlord and lessee, vendor and vendee, or the purchaser at a judicial sale and a party to the judicial proceeding. The question of title cannot be tried, but only the right of possession. Here the defendants' possession was acquired under the receiver, during the pendency of the litigation, and their contract with Amos was made after he was served with process. Having acquired their interest during the pendency of the suit they take subject to its determination, and are, within the meaning of the statute, parties to the decree. (*Jackson* v. *Warren,* 32 Ill. 331.) Before the suit could be abated by the pendency of the chancery suit it must appear that the causes of action in the two proceedings were identical. Manifestly they were not. The object of the forcible detainer suit was the recovery of the possession of the premises. The cross-bill stated no equitable cause of action whatever. The original bill sought an injunction against the sale under execution by virtue of the redemption because of alleged equitable reasons which it was claimed controlled the apparent legal right to make such sale. The court having denied an injunction the sale was made, and the holder of the former certificate accepted the redemption money and paid it to the persons entitled to receive it. The only appropriate way to bring these matters occurring after the filing of the bill before the court for its consideration in the pending suit was by a cross-bill. It is true, the cross-bill prayed that the original bill be dismissed and the complainant in the cross-bill (Meier) be decreed to be the legal owner of the premises and entitled to the immediate possession thereof, but it stated no ground whatever of equi-

table jurisdiction and showed no reason for equitable relief. It had no force as a basis for asking any independent action of the court but was a mere adjunct to the pending suit and means of defense to the bill. It could not have been prosecuted independently, but the facts stated could only be considered in connection with a hearing of the original bill and as a defense to it. It could not be regarded as an application for a writ of assistance, for the foreclosure decree under which the sale was made was in another court and the judgments under which the redemptions were made were in a court of law. The pendency of the injunction suit with the cross-bill furnished no reason for delaying the prosecution of any remedy for the recovery of possession of the premises.

2.—It is insisted that sections 18 to 24 of the act "in regard to judgments and decrees," etc., contained in chapter 77 of Hurd's Statutes, which provide for redemption from judicial sales, are unconstitutional because they are special laws regulating the practice in courts of justice, and the rate of interest on money, and granting special privileges to individuals. It is argued that these sections unjustly discriminate in favor of judgment creditors in the purchase of real estate at execution sales in cases provided for by these sections, inasmuch as the redeeming judgment creditor is considered to have bid the amount of the redemption money, interest and costs and will receive a deed if no higher bid is made, while another person bidding will not receive a deed for sixty days, during which time the property is subject to redemption; that they discriminate between judgment creditors, inasmuch as priority of judgment gives priority in right of redemption; that they discriminate as to the payment of interest in fixing the rate of interest on certificates of sale at six per cent per annum; and that they confer a special privilege on judgment creditors, as bidders at sales, in cases of redemption. The lien of a judgment creditor which enables him to seize his

debtor's property and apply it to the payment of his debts discriminates against other creditors, but without it, or something equivalent, there can be no judicial process for the collection of debts. The lienholder is in a different situation from one who has no lien and perhaps no interest of any kind in the debtor or his property, and this difference is a reasonable basis for giving him the first bid, and declaring that if the property will not, on the sale where everybody may bid, bring more than it did at the former sale, it shall not be subject to further redemption, but shall be if it does bring more. It is a recognized principle that where the equities are equal the first in time is first in right. The application of this principle to the rights of judgment creditors does not make the statute unconstitutional. The fact that a creditor has a judgment which may be enforced by execution constitutes a reasonable basis for the sections in question. The fixing of the rate of interest, if any limit is to be fixed, is within the legislative power, and the fixing of a different rate for the redemption from judicial sales from that borne by judgments or accounts is not an unreasonable discrimination. These sections have been a part of the statutes of the State for many years and their constitutionality has never been questioned. While they are not for that reason to be regarded as constitutional, the fact may be taken into consideration as indicating that the discrimination complained of is not so clearly arbitrary and unreasonable as to have no just basis for its existence.

3.—It is insisted that the defendant in error was not entitled to the possession of the property and therefore could not maintain the action of forcible entry and detainer; that he was only a mortgagee, and that the action could be maintained, if at all, only by Cora A. Butler, the mortgagor. This claim arises out of these facts: Cora A. Butler was the owner of John E. Amos, Jr.'s, note for $3000, and through Mr. Ashcraft, her attorney, made an arrangement

with the defendant in error for collecting the note through the redemption of the property involved in this case. The note was endorsed to the defendant in error and judgment was confessed in his favor. L. M. Smith, one of his clients, advanced $7000, which, with a further sum advanced by Miss Butler, was used to pay the amount required to re-deem from the sale to Hibben. The property was bid off by the defendant in error and a deed was made to him. It was agreed that Smith was to have a first mortgage for the $7000 he advanced, and, subject to the mortgage, the premises were to be conveyed to Miss Butler. It is appar-ent that the defendant in error holds the title as a trustee for both Smith and Cora A. Butler, and that the latter has no right to the possession of the premises until the agree-ment in regard to the mortgage is carried out and she has received a deed. The defendant in error, under the agree-ment, became the purchaser at the sheriff's sale, and in the absence of an agreement to the contrary is entitled to the possession. It is of no concern to the plaintiffs in error how the respective rights of the defendant in error, Smith and Miss Butler may be finally determined.

4.—It is urged that the judgment under which the de-fendant in error redeemed was without consideration and fraudulent. The judgment was formal, and the burden of showing that it was fraudulent or not based upon a valid. indebtedness was upon the plaintiffs in error. No evidence to this effect was introduced. The only witness on the sub-ject was Cora A. Butler, who was called by the plaintiffs in error and testified to her financial transactions with John E. Amos, Jr. She testified that she had lent him money to an amount exceeding $2000; that she had sold certain shares of stock to procure money for him, at a loss, which he had promised to make good; that she had paid out money for him in his litigation with his wife, and that finally, in a settlement with his attorney, the amount of $3000 was agreed upon, for which he gave the note upon which judg-

ment was taken.  The $2000 had been reduced to judgment
and the judgments assigned as security at the time of the
first redemption, but the indebtedness was not paid and
the assignee had no interest in the judgments.  There was
some confusion in the testimony of the witness as to dates
and a lack of definiteness as to some amounts and the ob-
ject of some of the payments, but her evidence did not tend
to impeach the transaction or to show that the note or the
judgment was obtained for any fraudulent purpose or was
without consideration.  The plaintiffs in error stated that
they desired to cross-examine Miss Butler under section 33
of the Municipal Court act, and the defendant in error ob-
jected and his objection was sustained.  Counsel for the
defendants in error then proceeded to examine her at some
length in regard to the consideration of the $3000 note.
Objections were made and sustained to various questions,
but those objections are not argued here, and while it is
said that the refusal of the court to permit the examination
under section 33, which authorizes examination in certain
instances as if under cross-examination, worked injury and
injustice to the plaintiffs in error, such injury and injustice
do not appear in the record.  The court also refused to ad-
mit in evidence the answer of the witness in the injunction
suit, but the ruling did no harm, as such discrepancies as
existed therein could not materially have affected her tes-
timony.  Complaint is made that the court refused to per-
mit the plaintiffs in error to prove the amounts paid by
them under their contract with Amos for repairs, taxes, etc.,
but we think the evidence was properly rejected.

5.—The original sale under the foreclosure decree was
on August 3, 1910.  The judgment under which the last
redemption was made was confessed on January 26, 1912.
It is contended that a judgment rendered more than fifteen
months after the original sale cannot be used as a basis for
redemption.  Section 20 of the act in regard to judgments
and decrees provides that if redemption is not made under

section 18, "any decree or judgment creditor * * * may, after the expiration of twelve months and within fifteen months after the sale, redeem the premises in the following manner: Such creditor * * * may sue out an execution upon his judgment," etc. Section 23 provides that successive redemptions may be made of the premises at any time within sixty days of the last sale at which they were sold for more than the amount of the redemption money, interest and costs, and the premises again sold in the same manner and upon the same terms and conditions,. and certificate shall be made in like form and manner as upon the sale on the first redemption, and the person redeeming shall be considered to have bid the amount of his redemption money, interest and costs; and if at any such sale the premises are not sold for a greater sum, the sheriff or other officer shall forthwith execute a deed to the purchaser, and no other redemption shall be allowed.

We see no reason why any decree or judgment creditor who is otherwise within the terms of the law may not redeem, no matter when his judgment or decree was recovered. The law gives any judgment creditor the right to redeem, and provides that successive redemptions may be made at any time within sixty days of the last sale at which the premises were sold for more than the amount of the redemption money, interest and costs. Redemptions are encouraged, to the end that the debtor's property may go as far as possible toward the payment of his debts. "Any judgment creditor" means any creditor having a judgment upon which execution may issue at the time he seeks to redeem, without regard to the time when the judgment may have been recovered.                                  *Judgment affirmed.*