In re Malcolm J. STINSON, III, Kathleen M. Stinson dba Stinson Masonry Contractors, Stinson Masonary, Debtors.

Malcolm J. STINSON, III, Appellant,

v.

Claude PITRAT, Trustee, Continental Insurance Co., Appellees.

BAP No. AZ 83–1007 EPAs.
Bankruptcy No. 82–0402–PHX–RGM.

United States Bankruptcy Appellate Panels of the Ninth Circuit.

Argued Jan. 20, 1984.
Decided Feb. 14, 1984.

Malcolm J. Stinson, in pro per.

Anthony O. Jones (No Appearance) Phoenix, for appellees.

Before ELLIOTT, PYLE and ASHLAND, Bankruptcy Judges.

ELLIOTT, Bankruptcy Judge:

Debtors Malcolm and Kathleen Stinson filed a Chapter 7 case on February 22, 1982 claiming federal exemptions under 11 U.S.C. § 522(d). Arizona "opted out" of the federal exemptions effective July 31, 1980. The court held that the Stinsons are entitled only to exemptions provided under Arizona State statutes and the debtors appeal. We affirm.

The issues raised by the Stinsons concern the constitutionality of Bankruptcy Code § 522(b)(1) which authorizes states to "opt out" of the federal exemption scheme, and A.R.S. Sec. 33–1133 in which Arizona invokes the option provided.

Bankruptcy Code § 522(b) provides: "Notwithstanding section 541 of this title, an individual debtor may exempt from property of the estate either—(1) property that is specified under subsection (d) of this section, *unless the State law that is applicable to the debtor under paragraph (2)(A) of this subsection specifically does not so authorize;* or, in the alternative, (2)(A) any property that is exempt under Federal law, other than subsection (d) of this section, or State or local law that is applicable on the date of the filing of the petition ...." [Emphasis added.]

■ If the state prohibits its citizens from using § 522(d), the state exemption law applies, *Rhodes v. Stewart,* (6th Cir. 1983) 705 F.2d 159; *Matter of Sullivan,* (7th Cir.1982) 680 F.2d 1131; *Matter of McManus,* (5th Cir.1982) 681 F.2d 353. Although the constitutionality of § 522(b) and its implementing state statutes have not been challenged in this Circuit, the issue has arisen in other circuits, *Rhodes v. Stewart, supra; Matter of Sullivan, supra; Matter of McManus, supra;* also see *In re Lausch,* (D.C.M.D.Fla.1981) 16 B.R. 162; *In re Ambrose,* (Bkrtcy.M.D.Ohio 1980) 4 B.R. 395; *In re Morgan,* (4th Cir.1982) 689 F.2d 471.

■ In each of the above-cited cases, the court upheld the constitutionality of § 522(b) and the applicable state statute. The Seventh Circuit case, *Matter of Sullivan,* is a well-reasoned and detailed opinion, which addresses virtually every issue raised by the Stinsons. The operative facts in *Sullivan* are very similar to those in the present case—the state legislature had enacted its own bankruptcy exemption law which allowed fewer exemptions than that provided under § 522(d). In upholding the constitutionality of the "opt out" provision, the court rejected appellant's arguments concerning uniformity, legislative intent, federal preemption, and congressional delegation of authority. We adopt the reasoning and rule of the *Sullivan* case and therefore affirm.