**In re John Malcolm SNAPE, Rhoda G. Snape, Debtors.**

**Bankruptcy No. 93–7743–8P7.**

United States Bankruptcy Court,
M.D. Florida,
Tampa Division.

July 19, 1994.

See also, 166 B.R. 184.

**362**

Allan C. Watkins, Tampa, FL, for debtors.

Ralph J. Harpley, Trustee, Tampa, FL.

W. Patrick Ayers, Tampa, FL, for Village of Cross Keys, Inc.

## ORDER ON OBJECTION TO EXEMPTIONS

ALEXANDER L. PASKAY, Chief Judge.

THIS is a Chapter 7 liquidation case and the matter before the Court is the second aspect of an Objection to Claim of Exemptions, filed by Village of Cross Keys, Inc. (Cross Keys), a creditor of John and Rhoda Snape (Debtors). Cross Keys in its Objection initially urged two grounds based on which, according to Cross Keys, the Debtors are not entitled to resort to the homestead exemption provisions of Art. X, § 4 of the Florida Constitution.

It was initially urged by Cross Keys that the Debtors forfeited their right to claim their residence as exempt under Art. X, § 4 of the Florida Constitution because they fraudulently converted non-exempt assets into exempt assets. On March 11, 1993 this Court, after having considered the first objection which related to the fraudulent conversion claim, entered an order and held that Cross Keys failed to establish with the requisite degree of proof that the Debtors did in fact fraudulently convert non-exempt assets into exempt assets thus forfeiting their right to claim the property in question as exempt. In its order, the Court deferred ruling on the second phase of the objection interposed by Cross Keys which was based on the proposition that to permit these Debtors to claim their homestead as exempt under the Florida Constitution would violate the Supremacy Clause, Art. VI, cl. 2 of the United States Constitution; would violate the constitutional requirement of uniformity set forth in Art. I, § 8, Cl. 4; that § 522(b)(1) of the Bankruptcy Code was an improper delegation of legislative power of Congress; and, lastly, it would violate the substantive due process requirement of the Fifth Amendment of the United States Constitution.

## APPLICABILITY OF THE SUPREMACY CLAUSE ART. VI, CLAUSE 2 OF THE UNITED STATES CONSTITUTION

■ Cross Keys' objection based on this Clause of the Constitution is based on the proposition that the Florida homestead exemption law is inconsistent and offensive to the Bankruptcy Code and, for this reason, the Florida constitution exemption must yield to the Bankruptcy Code. Citing *Perez v. Campbell,* 402 U.S. 637, 91 S.Ct. 1704, 29 L.Ed.2d 233 (1971); *International Shoe v. Pinkus,* 278 U.S. 261, 49 S.Ct. 108, 73 L.Ed. 318 (1929). In *Perez* the Supreme Court considered a statute of the State of Arizona which required the driver of an automobile to satisfy a personal injury claim resulting from an automobile accident suffered by another before his drivers license would be reinstated even though the personal injury claim had been discharged in bankruptcy. In *Perez* the Supreme Court stated that considering a challenge of state law on the basis that it violated the supremacy clause, the Court must consider first the purposes and policies served by the federal and state legislation, and if found to be inconsistent, the court must then determine whether the state law stands as an obstacle to the accomplishment and execution of the full purposes and objectives of Congress expressed by the Statute dealing with the same subject.

■ It is a well-established principle that the Supremacy Clause invalidates state laws that "interfere with, or are contrary to," federal law. *Gibbons v. Ogden,* 22 U.S. (9 Wheat.) 1, 211, 6 L.Ed. 23 (1824). Under the Supremacy Clause, federal law may supersede state law in several different ways. First, when acting within constitutional limits, Congress is empowered to pre-empt state law by so stating in express terms. *Jones v. Rath Packing Co.,* 430 U.S. 519, 97 S.Ct. 1305, 51 L.Ed.2d 604 (1977). Pre-emption of a whole field also will be inferred where the

field is one in which "the federal interest is so dominant that the federal system will be assumed to preclude enforcement of state laws on the same subject." *Hines v. Davidowitz,* 312 U.S. 52, 61 S.Ct. 399, 85 L.Ed. 581 (1941).

Even where Congress has not completely displaced state regulation in a specific area, state law is nullified to the extent that it actually conflicts with federal law. Such a conflict arises when "compliance with both federal and state regulations is a physical impossibility," *Florida Lime & Avocado Growers, Inc. v. Paul,* 373 U.S. 132, 83 S.Ct. 1210, 10 L.Ed.2d 248 (1963), or when state law "stands as an obstacle to the accomplishment and execution of the full purposes and objectives of Congress," *Hines v. Davidowitz, supra.*

Even a cursory reading of *Perez* indicates that it furnishes no support whatsoever for the proposition urged by Cross Keys. It is an undisputed principle and it is axiomatic that the purpose of the discharge provision of the Bankruptcy Code was to give the debtor a new opportunity in life and a clear field for future effort, unhampered by the pressure and discouragement of pre-existing debt. *Lines v. Frederick,* 400 U.S. 18, 91 S.Ct. 113, 27 L.Ed.2d 124 (1970); *Local Loan Co. v. Hunt,* 292 U.S. 234, 54 S.Ct. 695, 78 L.Ed. 1230 (1934). There is no question that both the discharge provision of the Bankruptcy Code and the homestead exemption provision of the Florida Constitution were designed to serve not only totally consistent policies and goals but, on the contrary, fully and completely supportive of the well established purpose and policy of the Bankruptcy Code. One would be hard pressed to urge that the homestead exemption provision of the Florida Constitution stands as an obstacle to foster and promote the express purpose and objective of the Bankruptcy Code and frustrate the intent of Congress.

## LACK OF UNIFORMITY

Turning next to the issue of uniformity, Article I, Section 8, Clause 4 of the U.S. Constitution delegates to Congress the power "to establish ... uniform laws on the subject of Bankruptcies throughout the Unit-

ed States." There is no dispute that the Bankruptcy Code creates an estate for creditors in a different manner than the previous Bankruptcy Act. Under the Act, the estate was comprised of all property over which the court might exercise its jurisdiction. Under the current Code, the estate is created from all property in which the debtor has an interest, and the debtor is then able to claim as exempt the property set as exempt under local law. This distinction between the schemes set forth under both the Act and the Code in considering the application and analysis of *Hanover Bank v. Moyses,* 186 U.S. 181, 22 S.Ct. 857, 46 L.Ed. 1113 (1902). In *Moyses,* the Supreme Court established that allowing a bankrupt to retain property exempt under state exemption laws, did not violate the uniformity required under the uniformity clause, because the uniformity mandated under the Constitution is geographical uniformity, not personal uniformity. The Supreme Court concluded therefore, that:

> One of the effects of a bankrupt law is that of a general execution issued in favor of all the creditors of the bankruptcy, reaching all his property subject to levy, and applying it to the payment of all his debts according to their respective priorities. It is quite proper, therefore, to confine its operation to such property as other legal process could reach. A rule which operates to this effect throughout the United States is uniform within the meaning of that term, as used in the Constitution.

*Moyses* 186 U.S. at 189–90, 22 S.Ct. at 861.

Notwithstanding the distinction between the creation of the estate under the Code and Act, it is clear that both require a determination under *local* law of that property which would not be subject to administration by the trustee in bankruptcy. Based upon this similarity, it is appropriate to conclude that *Moyses* remains the controlling law on the constitutionality of the state determined exemptions. The Seventh Circuit considered the geographical uniformity of *Moyses* in the context of the Bankruptcy Code in *In re Sullivan,* 680 F.2d 1131 (7th Cir.1982), *cert. denied* 459 U.S. 992, 103 S.Ct. 349, 74 L.Ed.2d 388 (1983). In *Sullivan,* the Sev-

enth Circuit concluded that the "opt-out clause" contained in the Bankruptcy Code did not evidence any congressional intent to reject the *Moyses* rule of geographic uniformity.

Other Circuits have also considered the constitutionality of the opt-out clause in the context of state exemption statutes which were different from those exemptions set forth in § 522(d) of the Bankruptcy Code. In *In re Hall,* 752 F.2d 582 (11th Cir.1985) noted that no limit had been placed on a state's ability to opt-out of the Federal exemption scheme. *See also Rhodes v. Stewart,* 705 F.2d 159 (6th Cir.1983), *cert. denied* 464 U.S. 983, 104 S.Ct. 427, 78 L.Ed.2d 361 (1983) (holding that the Tennessee exemption is constitutional as only geographic uniformity is required under the Constitution); *In re Stinson,* 36 B.R. 946 (9th Cir. BAP 1984); *In re Lausch,* 16 B.R. 162 (D.M.D.Fla.1984).

## IMPROPER DELEGATION OF POWER TO LEGISLATE

■ Turning next to the issue of delegation of power by Congress by creating the "opt-out" provision is not an inappropriate delegation of federal power. On the contrary the enactment of § 522(b)(2), the opt-out provision, was nothing more than a long-standing recognition by Congress of the existing exemption laws of the states. What this Section did was nothing more than authorize the states to determine the extent of exemptions available to its citizens. The retention of a power by a state is certainly an acceptable division of power between state and federal governments. *Sturges v. Crowninshield,* 4 Wheat. 122, 4 L.Ed. 529 (1819). Based upon the foregoing, this Court is satisfied that the Florida exemption law is constitutional.

## VIOLATION OF THE DUE PROCESS CLAUSE

■ This leaves for consideration the claim of Cross Keys that the Florida Homestead Exemption Law violates the due process clause of the U.S. Constitution. This argument is based upon the proposition urged by Cross Key that the creditors are deprived property without due process. It is important to note that the procedure to contest the claim of exemption is delineated by the Code and is uniform throughout the country. There is no doubt that Cross Keys was able to challenge the propriety of these Debtor's claim of their homestead as exempt. Clearly, Cross Keys was provided its day in Court to present the evidence available to it to show that these Debtors' are not entitled to claim their home as exempt property, and therefore, due process was not violated as a result of the Florida exemption.

Furthermore, the public policy of the Bankruptcy Code is to balance the interests of debtors and creditors. Specifically, the Code balances the debtors "fresh start" against the creditors effort to be paid its claim. To accept the proposition urged by Cross Keys that by allowing the Debtors claimed exemptions prevents creditors from obtaining full or partial satisfaction of their claims clearly borders on specious and cannot be urged in good faith in light of the discharge provision of the Bankruptcy Code and the often repeated fresh start in life contempt so often restated by courts. *Lines v. Frederick, supra; Local Loan Co. v. Hunt, supra.* The argument of Cross Keys basically challenges the economic soundness of the exemption laws and not their legality. This argument obviously should be addressed to the people of the State of Florida who certainly could restrict the claim of exemptions by amending Art. X, § 4 of their Constitution and should not be addressed to this Court which is not in a position, of course, to do so.

Based upon the foregoing, this Court is satisfied that the Florida exemption is constitutional. Therefore, the Objection to Exemption should be overruled and the claim of exemption allowed as filed.

Accordingly, it is

ORDERED, ADJUDGED AND DE-CREED that the Objection to Exemptions filed by Village of Cross Keys is hereby overruled and the claim of exemption is hereby allowed as filed.

DONE AND ORDERED.