In re Stanley Ulysses PATTERSON, Debtor.

Bankruptcy No. 97–72137.

United States Bankruptcy Court, C.D. Illinois.

Jan. 13, 1998.

Kenneth E. Baughman, Monticello, IL, for Debtor.

Frank I. Choi, Springfield, IL, for GMAC.

## OPINION

LARRY L. LESSEN, Bankruptcy Judge.

The issue before the Court is whether a recent amendment to the last sentence of the Illinois personal property exemption, 735 ILCS 5/12–1001, violates the supremacy clause of the United States Constitution or the special legislation clause of the Illinois Constitution.

The Debtor, Stanley Patterson, filed a petition pursuant to Chapter 7 of the Bankruptcy Code on June 11, 1997. In his schedule of exempt property, the Debtor claimed a personal property exemption of $2000 pursuant to 735 ILCS 5/12–1001, but he only scheduled property with a net value of $968. However, he also claimed as exempt "[a]ny property not otherwise exempt but which is converted to cash and has become part of this bankruptcy estate to the extent of the unused portion of the unused exemption contained within Section 12–1001(a)". GMAC was listed as a creditor holding an unsecured nonpriority claim of $8092 for a debt incurred when a repossessed car was liquidated.

On July 21, 1997, the Debtor filed a Motion to Avoid the Fixing of a Lien under § 522(f) and Motion for Turnover of Funds. The subject of the Motion is $1476.02 in wages that were withheld by the Debtor's employer pursuant to a wage deduction order filed on April 8, 1997, by GMAC. The disputed funds were turned over to GMAC on July 2, 1997. (They were apparently turned over to GMAC without a court order.)

GMAC filed a Response to the Debtor's Motion on August 1, 1997, wherein GMAC asserts that its lien may not be avoided by the Debtor because the Debtor is not entitled to claim an exemption in garnished wages. GMAC relies on a recent change in the final sentence of 735 ILCS 5/12–1001. Prior to December 31, 1996, the final sentence provided as follows:

The personal property exemptions set forth in this Section shall not apply to or be allowed against any money, salary, or wages due or to become due to the debtor that *were required to be withheld and upon which a wage deduction order has*

*been entered under part 8 of Article XII.* (emphasis added)

Under the statute as worded above, Chapter 7 debtors in Illinois could claim an exemption in wages withheld under a wage deduction summons. *In re Waltjen,* 150 B.R. 419 (Bankr.N.D.Ill.1993). Effective December 31, 1996, P.A. 89–686, § 10–5 rephrased the statute to read as follows:

The personal property exemptions set forth in this Section shall not apply to or be allowed against any money, salary, or wages due or to become due to the debtor that *are required to be withheld in a wage deduction proceeding under Part 8 of this Article XII.* (emphasis added)

Pursuant to this change in the law, debtors in Illinois are no longer entitled to exempt their deducted wages. Accordingly, it has been specifically held that Illinois debtors may not avoid a judgment creditor's lien in deducted wages under 11 U.S.C. § 522(f)(1)(A). *In re Franklin,* 210 B.R. 560 (Bankr.N.D.Ill.1997). This Court believes *Franklin* was correctly decided, and has followed it in numerous cases.

▆ The Debtor has filed a Motion to Strike the reply of GMAC. The Debtor asserts that the change in the personal property statute's treatment of deducted wages "is an unconstitutional effort on the part of the Illinois legislature to usurp the constitutional power granted to Congress to provide for a uniform system of bankruptcy laws in violation of the Supremacy Clause". The Debtor further argues that "states do not have the power to limit the lien avoidance power granted under Section 522(f)".

Pursuant to the authority granted to it by 11 U.S.C. § 522(b), the State of Illinois has chosen to opt out of the federal schedule of exemptions. Debtors in Illinois are required to use the exemptions provided by Illinois law. 735 ILCS 5/12–1201. *In re Ball,* 201 B.R. 204 (Bankr.N.D.Ill.1996). The Seventh Circuit has determined that the opt out provision does not violate the constitutional provision that empowers Congress "to establish uniform Laws on the subject of Bankruptcy", U.S. Const. art. I, § 8, c. 4, because only geographic uniformity, not personal uniformity, is required by the bankruptcy clause of

the Constitution. *Matter of Sullivan,* 680 F.2d 1131 (1982). The Seventh Circuit further held that it was not an unconstitutional delegation of federal power for the federal bankruptcy laws to recognize state exemption laws. *Id.* at 1138. The retention of the power of a state to determine the extent of the exemptions available to its own citizens is an acceptable division of power between the state and federal governments. *In re Snape,* 172 B.R. 361 (Bankr.M.D.Fla.1994).

▆ Federal law does not place limits on the generosity or lack thereof with which states may define bankruptcy exemptions. *In re Rawn,* 199 B.R. 733 (Bankr.E.D.Cal. 1996). Indeed, the Supreme Court has observed that a state "could theoretically accord no exemptions at all". *Owen v. Owen,* 500 U.S. 305, 308, 111 S.Ct. 1833, 1835, 114 L.Ed.2d 350 (1991).

The Illinois legislature has chosen to limit the scope of the available personal property exemptions to exclude funds which are required to be withheld in a wage deduction proceeding. 735 ILCS 5/12–1001. The Debtor does not directly challenge the authority of the Illinois legislature to define the exemptions available to an Illinois citizen. Instead, the Debtor argues that the Illinois legislature is unconstitutionally attempting to limit the lien avoidance power of the Bankruptcy Court.

▆ Section 522(f) of the Bankruptcy Code allows a debtor to avoid a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled under § 522(b) if the lien is a judicial lien or a nonpossessory, nonpurchase-money security interest in certain types of property. This statute allows the debtor to avoid a lien on property claimed as exempt under a state law exemption statute or under the federal exemption statute. 11 U.S.C. § 522(b). Thus, a state may determine what property is exempt under state law, but federal law controls the availability of lien avoidance under § 522(f). *In re Erwin,* 199 B.R. 628, 629 (Bankr.S.D.Tex.1996).

■ The Debtor's argument confuses an impermissible limitation of the lien avoidance power under § 522(f) with a state's power to permissibly restrict the scope of its exemptions. A state may not opt out of the right to lien avoidance under § 522(f) by defining its state law exemptions to include only unencumbered property. *Owen v. Owen*, 500 U.S. 305, 310–12, 111 S.Ct. 1833, 1837, 114 L.Ed.2d 350 (1991). Nevertheless, a state is free to structure its exemption law as it sees fit. *In re Wink*, 137 B.R. 297, 302 (Bankr. W.D.Wis.1992).

The Illinois legislature has not opted out of the federal lien avoidance provision by limiting its state law exemptions to unencumbered property. The State was free to amend its exemptions, and it did not violate the Bankruptcy Clause of the Constitution when it changed the personal property exemption to exclude wages which were withheld in wage deduction proceedings, not just withheld wages upon which a wage deduction order had been entered.

■ The Debtor next argues that the amendment to the personal property exemption constitutes special class legislation in violation of Article 4, Section 13 of the 1970 Illinois Constitution which provides as follows:

The General Assembly shall pass no special or local law when a general law is or can be made applicable. Whether a general law is or can be made applicable shall be a matter of judicial determination.

■ The Illinois Supreme Court recently discussed special legislation in *Best v. Taylor Machine Works*, 179 Ill.2d 367, 228 Ill.Dec. 636, 689 N.E.2d 1057 (1997). The court began its analysis with the observation that challenged legislation is presumed to be constitutional, and the party challenging the constitutionality of a provision has the burden of clearly establishing its unconstitutionality. 179 Ill.2d at 375–77, 228 Ill.Dec. at 642, 689 N.E.2d at 1063. The court further noted that "[t]he special legislation clause expressly prohibits the General Assembly from conferring a special benefit or exclusive privilege on a person or a group of persons to the exclusion of others similarly situated"

and that "the purpose of the special legislation clause is to prevent arbitrary legislative classifications that discriminate in favor of a select group without a sound, reasonable basis". 179 Ill.2d at 391, 228 Ill.Dec. at 648–49, 689 N.E.2d at 1069–70. A special legislation challenge is judged under the same standard applicable to an equal protection challenge, i.e., whether the statutory classification is rationally related to a legitimate state interest. 179 Ill.2d at 392–95, 228 Ill.Dec. at 650, 689 N.E.2d at 1071. The Court must determine whether the classifications created by the statute "are based upon reasonable differences in kind or situation, and whether the basis for the classifications is sufficiently related to the evil to be obviated by the statute". 179 Ill.2d at 394, 228 Ill.Dec. at 650, 689 N.E.2d at 1071. "[T]he hallmark of an unconstitutional classification is its arbitrary application to similarly situated individuals without adequate justification or connection to the purpose of the statute." 179 Ill.2d at 396, 228 Ill.Dec. at 651, 689 N.E.2d at 1072.

The amendment to § 12–1001 applies to all debtors who assert their personal property exemptions and to all creditors utilizing the wage deduction process. The wage deduction exception of § 12–1001 operates uniformly upon debtors and creditors that come within the scope of its provisions.

The Debtor argues that the amendment is unconstitutional because a special class of liens—wage deduction liens—are protected. The Debtor asserts that there is no rational basis for protecting a lien granted by a wage deduction order as opposed to one which arises from the service of a citation to discover assets upon the employer.

The Illinois Supreme Court has repeatedly held that the state may make classifications among creditors. *Meier v. Hilton*, 257 Ill. 174, 181, 100 N.E. 520 (1912) (It is not unconstitutional to discriminate between judgment creditors and other creditors because the fact that a creditor has a judgment which may be enforced by execution constitutes a valid basis for the distinction); *Friedman & Roch-*

*ester, Ltd. v. Walsh,* 67 Ill.2d 413, 10 Ill.Dec. 559, 367 N.E.2d 1325 (1977); *People ex rel. Nelson v. Dennhardt,* 354 Ill. 450, 454, 188 N.E. 464 (1933). The rational basis for the separate classification of creditors with wage deduction orders and creditors with citations to discover assets is clear: The purpose of a citation is to discover assets held by the judgment debtor or assets of the judgment debtor which are held by a third party. It applies to all personal nonexempt property, whether tangible or intangible, of the judgment debtor, and it terminates automatically after six months. A creditor may not initiate a subsequent citation proceeding except by leave of court. *See,* 735 ILCS 5/12–1402. A wage deduction proceeding, on the other hand, applies only to the nonexempt wages owed by an employer to the judgment debtor, and a creditor may initiate subsequent wage deduction proceedings after the entry of each wage deduction order simply by requesting that the Clerk of the Circuit Court issue another wage deduction summons. *See,* 740 ILCS 170/.01 et seq. Thus, a creditor with a citation lien has the option of pursuing all of the debtor's nonexempt property, not just wages owed by an employer to the debtor. This difference provides a rational basis for the Illinois legislature's dissimilar treatment of citations and wage deduction proceedings.

The Debtor further argues that it is an "irrational distinction" to allow a debtor "to use the $2000 wild card exemption on any of his wages which may be due from whatever source unless his wages are subject to a wage deduction order". This argument is without merit. Pursuant to Illinois wage deduction law, the most that a creditor may garnish is 15% of a debtor's gross wages per week over a twelve week garnishment period. 740 ILCS 170/4. If a debtor were allowed to assert his wild card exemption, then the debtor would have to earn over $1111 a week for twelve weeks in order for a creditor to realize any amount from the wage deduction proceeding. This would effectively gut the wage deduction process in Illinois. Thus, the Illinois legislature had a very good reason for excluding wages withheld in a wage deduction proceeding from the scope of 735 ILCS 5/12–1001.

For the foregoing reasons, the Court finds that the recent amendment to the last sentence of 735 ILCS 5/12–1001 does not violate the supremacy clause of the United States Constitution or the special legislation clause of the Illinois Constitution. Accordingly, the Debtor's Motion to Strike and Motion to Avoid the Fixing of a Lien under § 522(f) are denied.

This Opinion is to serve as Findings of Fact and Conclusions of Law pursuant to Rule 7052 of the Rules of Bankruptcy Procedure.

See written Order.

### ORDER

For the reasons set forth in an Opinion entered this day,

IT IS THEREFORE ORDERED that Debtor's Motion to Strike and Motion to Avoid the Fixing of a Lien be and are hereby denied.