(No. 48924.—

FRIEDMAN & ROCHESTER, LTD., Appellee, v. WILLIAM E. WALSH, JR.—(Board of Trustees of the Firemen's Annuity and Benefit Fund, Appellant.)

*Opinion filed September 20, 1977.*

414

William R. Quinlan, Corporation Counsel, of Chicago (Daniel Pascale and Jerome A. Siegan, Assistant Corporation Counsel, of counsel), for appellant.

Friedman & Rochester, Ltd., of Chicago (Richard R. Rochester and Robert S. McDonough, of counsel), *pro se.*

MR. JUSTICE RYAN delivered the opinion of the court:

This appeal involves the constitutionality of the provision of the Illinois Pension Code (Ill. Rev. Stat. 1975, ch. 108½, par. 6—213) which grants immunity from garnishment orders to pensions and annuities paid pursuant to the Firemen's Annuity and Benefit Fund. The circuit court of Cook County held section 6—213 of the Code unconstitutional and in violation of the equal protection clauses of the United States and Illinois constitutions (U.S. Const., amend. XIV; Ill. Const. 1970, art. I, sec. 2). The circuit court further found section 6—213 to be in violation of the special legislation provisions of the Illinois Constitution (Ill. Const. 1970, art. IV, sec. 13). Because a statute had been declared unconstitutional, a direct appeal to this court was taken pursuant to our Rule 302(a) (58 Ill. 2d R. 302(a)). We now reverse the judgment of the circuit court.

The facts in the instant case are undisputed. Plaintiff, Friedman and Rochester, Ltd., filed a complaint against defendant, William E. Walsh, Jr., to enforce a judgment note. The defendant is a former employee of the Chicago Fire Department and receives benefits from the appellant, the Board of Trustees of the Firemen's Annuity and Benefit Fund (hereinafter referred to as the Board). Judgment was confessed on the note, and the judgment was confirmed. Plaintiff caused a wage deduction sum-

mons to be issued against the Board. The Board filed a motion to dismiss asserting the statutory exemption from attachment or garnishment proceedings. The circuit court denied the motion to dismiss and held section 6–213 unconstitutional for the reasons mentioned above.

Two issues are presented. First, whether section 6–213 of the Illinois Pension Code violates the equal protection clauses of the Federal and State constitutions, and, second, whether section 6–213 constitutes special legislation in violation of the Illinois Constitution.

The Illinois Pension Code (Ill. Rev. Stat. 1975, ch. 108½, par. 1–101 *et seq.*) is a revision and codification of the various acts relating to pension and annuity systems for public employees. (Ill. Rev. Stat. 1975, ch. 108½, par. 1–102.) The Code establishes 18 pension and annuity funds, and, with only one exception, provides that all pensions, annuities and benefits from the funds shall be exempt from attachment or garnishment process. The sole exception is the pension fund created for the benefit of policemen of municipalities with not more than 500,000 population. (Ill. Rev. Stat. 1975, ch. 108½, par. 3–101 *et seq.*) Section 6–213 is representative of these exemptions, and provides in pertinent part:

> "All pensions, annuities, refunds and disability bene-
> fits granted under this Article and every portion thereof,
> are exempt from attachment or garnishment process
> ***." (Ill. Rev. Stat. 1975, ch. 108½, par. 6–213.)

In addition to the above exemption applicable to firemen in cities with a population over 500,000, various provisions of the Code grant the same exemption to the following classes of public employees: county employees (ch. 108½, par. 9–228), State employees (ch. 108½, par. 14–197), teachers from all the State's public schools and universities (ch. 108½, pars. 15–185, 16–190, 17–151), park district employees (ch. 108½, par. 12–190), certain forest preserve employees (ch. 108½, pars. 10–101, 9–228), judges

(ch. 108½, par. 18—161), policemen in cities over 500,000 population (ch. 108½, par. 5—218), laborers and other employees of cities over 500,000 population (ch. 108½, pars. 11—223, 8—244), members of the General Assembly (ch. 108½, par. 2—154), sanitary district employees (ch. 108½, par. 13—213), and fire insurance patrolmen (ch. 108½, par. 22—230). Beneficiaries of the Illinois Municipal Retirement Fund are also exempt from garnishment or attachment (ch. 108½, par. 7—217(a)), as are firemen who are employed by municipalities with a population of 500,000 or less (ch. 108½, par. 4—135). Thus, with the exception of the pension fund created for the benefit of policemen of municipalities with 500,000 or less population, all the pension, annuity and disability benefits included in the Illinois Pension Code are exempt from garnishment or attachment.

Plaintiff contends that, as a creditor, it is denied equal protection of the law in two manners. First, it is contended that creditors of beneficiaries of the pension funds established by the Code are denied equal protection because recipients of private pensions are not similarly immune from garnishment actions. Secondly, plaintiff contends that it is denied equal protection due to the fact that policemen of cities of 500,000 or less population are not exempt from garnishment proceedings as are firemen from cities with over 500,000 population. Though the circuit court's ruling only declared section 6—213 of the Code unconstitutional, acceptance of either of plaintiff's contentions would have the practical effect of rendering all the garnishment immunity provisions of the Pension Code unconstitutional.

The equal protection clauses of our constitution and of the United States Constitution do not prohibit the establishment of legislative classifications; nor do they require that all persons be treated uniformly. (*Davis v. Commonwealth Edison Co.* (1975), 61 Ill. 2d 494, 497.)

Legislative classifications enjoy a presumption of constitutionality (*McDonald v. Board of Elections Commissioners* (1969), 394 U.S. 802, 809, 22 L. Ed. 2d 739, 745, 89 S. Ct. 1404), and a statutory classification will not be declared unconstitutional "if any state of facts reasonably may be conceived to justify it" (*Dandridge v. Williams* (1970), 397 U.S. 471, 485, 25 L. Ed. 2d 491, 502, 90 S. Ct. 1153, quoting *McGowan v. Maryland* (1961), 366 U.S. 420, 426, 6 L. Ed. 2d 393, 399, 81 S. Ct. 1101). The party which attacks the validity of a legislative classification assumes the burden of demonstrating that it is unreasonable or arbitrary. (*Illinois Coal Operators Association v. Pollution Control Board* (1974), 59 Ill. 2d 305, 311; *People v. Palkes* (1972), 52 Ill. 2d 472, 477.) Plaintiff has failed to meet this burden.

We cannot accept plaintiff's contention that the immunity from garnishment, attachment, or seizure granted by section 6—213 of the Pension Code must be struck down because a similar exemption is not granted to recipients of private pensions and annuities. We find numerous distinctions between these two classes which could reasonably justify the granting of wage deduction immunity only to former public employees. Pensions for public employees are primarily supported by public funds. The legislature could reasonably have felt that these public funds should go entirely to the beneficiary and not to his creditors through garnishment or wage deductions. The legislature may also have concluded that public pensions are subject to certain statutory limitations and restrictions that do not apply to private pension funds, thus justifying conferring an immunity from garnishment on the payments made from the public pension funds. The legislature could also have reasonably determined that these public funds should not bear the additional administrative costs of processing numerous wage deduction orders. It could also have considered that there are differences between

public employees and those in the private sector concerning social security benefits. Also, certain disability benefit payments under the public pension plans are correlated with payments under the Workmen's Compensation Act and Workmen's Occupational Diseases Act (see, *e.g.,* Ill. Rev. Stat. 1975, ch. 108½, par. 6—154). Payments under these acts are statutorily immune from garnishment. (Ill. Rev. Stat. 1975, ch. 48, pars. 138.21, 172.56.) The legislature could have reasonably intended to extend similar immunity to payments from the pension fund. In short, there are reasonable, conceivable bases for differentiating between private and public annuitants and pensioners in regard to the granting of garnishment and attachment exemptions. Therefore, the legislative classification created by section 6—213, and similar provisions of the Pension Code, cannot be considered arbitrary or unreasonable merely because private pensioners do not enjoy the same immunity.

Plaintiff, however, relies heavily upon this court's recent decisions in *Henderson v. Foster* (1974), 59 Ill. 2d 343, and *First Finance Co. v. Pellum* (1975), 62 Ill. 2d 86. In *Henderson,* we held that a municipal park district was not immune from the operation of the Wage Deduction Act (Ill. Rev. Stat. 1973, ch. 62, par. 71 *et seq.*), and in *First Finance Co.* we held that the State is not immune from the provisions of the same act. In each case, however, we found that the legislature had not provided for such immunity by a specific statutory enactment. In *Henderson,* we overruled prior decisions of this court which had judicially granted municipal corporations immunity from garnishment. (See *Merwin v. City of Chicago* (1867), 45 Ill. 133.) In *First Finance Co.,* we similarly found no specific statutory authorization for the asserted immunity, and thus under *Henderson* found no basis to grant immunity from the Wage Deduction Act to the State. Neither case is applicable to the instant appeal, since here

the legislature has specifically exempted the pension fund from garnishment proceedings.

We next consider plaintiff's contention that it is denied equal protection of the law by the fact that one of 18 funds created by the Pension Code is not exempt from garnishment and similar proceedings. Plaintiff asserts that as a creditor of a fireman of a municipality with over 500,000 population it is arbitrarily denied a remedy it would enjoy were it a creditor of a policeman of a municipality of 500,000 or less population. We find no merit in this contention.

Initially, we note that all former firemen are granted immunity from garnishment and similar proceedings by the Pension Code. (Ill. Rev. Stat. 1975, ch. 108½, pars. 4—135, 6—213.) Thus, if this issue were restricted to an examination of the treatment accorded creditors of all former firemen in the State, plaintiff would have no arguable contention. However, even if we assume, for the sake of argument, that the proper class is broader than all former firemen, plaintiff's contentions are incorrect.

The mere fact that the legislature failed to exempt the pension fund for policemen from municipalities of 500,000 or less population from garnishment process does not require that we therefore invalidate the provisions granting such immunity to 17 other separate pension funds. The equal protection clauses of the State and Federal constitutions do not prohibit the legislature from pursuing a reform "one step at a time," or from applying a remedy to one selected phase of a field while neglecting the others. (*Williamson v. Lee Optical of Oklahoma, Inc.* (1955), 348 U.S. 483, 489, 99 L. Ed. 563, 573, 75 S. Ct. 461; *Illinois Coal Operators Association v. Pollution Control Board* (1974), 59 Ill. 2d 305, 312-13.) As the United States Supreme Court has stated, "a legislature need not run the risk of losing an entire remedial scheme simply because it failed, through inadvertence or other-

wise, to cover every evil that might conceivably have been attacked." (*McDonald v. Board of Election Commissioners* (1969), 394 U.S. 802, 809, 22 L. Ed. 2d 739, 746, 89 S. Ct. 1404.) In our view, these sentiments are fully applicable to plaintiff's contention. We do not consider that plaintiff has sustained its burden of showing that the legislature engaged in arbitrary and unreasonable discrimination against creditors of the beneficiaries of 17 public pension funds merely because it did not grant the same exemption to the beneficiaries of the eighteenth fund.

We hold, therefore, that section 6–213 of the Illinois Pension Code does not contravene the dictates of equal protection of the law under either the constitution of this State or the constitution of the United States.

We next consider whether section 6–213 violates our constitutional prohibition against special legislation (Ill. Const. 1970, art. IV, sec. 13). That provision prohibits the General Assembly from passing a special or local law when a general law can be made applicable. This court has stated that violations of the special legislation prohibition are generally judged by the same standards employed under the equal protection clause (*McRoberts v. Adams* (1975), 60 Ill. 2d 458, 463), though the provisions are not duplicates (*Grace v. Howlett* (1972), 51 Ill. 2d 478, 487). This court has held that although article IV, section 13, of the 1970 Constitution enlarges the scope of judicial review of legislation, it requires no change in our previous definition of when a law is general or special. (*Bridgewater v. Hotz* (1972), 51 Ill. 2d 103.) The prohibition against special legislation does not mean that a statute must affect everyone in the same way. It means simply that the law shall operate uniformly throughout the State and on all persons in like conditions. (*Davis v. Commonwealth Edison Co.* (1975), 61 Ill. 2d 494; *People ex rel. City of Salem v. McMackin* (1972), 53 Ill. 2d 347.) When the validity of a classification is challenged, the burden is on

the party attacking it to demonstrate that it is arbitrary or unreasonable. (*Davis v. Commonwealth Edison Co.* (1975), 61 Ill. 2d 494, 498; *People v. Palkes* (1972), 52 Ill. 2d 472.) It is not enough simply to assert that different classes are legislatively created. In the present case, we are of the opinion that section 6—213 does not constitute prohibited special legislation for the reasons mentioned in our discussion of plaintiff's equal protection claims. Plaintiff has simply not demonstrated that the legislature acted unreasonably and arbitrarily in establishing the statutory scheme embodied by the Pension Code.

Therefore, the judgment of the circuit court is reversed and the cause is remanded for the entry of an order in accordance with this decision.

*Reversed and remanded, with directions.*