WILLIAM L. MEYLOR, Petitioner-Appellant, *v*. WILLIAM BOYS, Indiv. and as Director, Illinois Department of Personnel, *et al.*, Respondents-Appellees.

Second District    No. 80-333

Opinion filed October 20, 1981.—Rehearing denied November 23, 1981.

William M. Doty, Jr., of Chicago, for appellant.

Tyrone C. Fahner, Attorney General, of Chicago (Joseph D. Keenan, III, Assistant Attorney General, of counsel), for appellees.

Mr. JUSTICE HOPF delivered the opinion of the court:

Petitioner appeals from a dismissal of his petition for a writ of *certiorari.* He had been denied a hearing on the merits of a grievance he had brought before the State Director of Personnel and in his petition prayed that the court rule illegal the rules and regulations which form the grounds of the denial and order the Director of Personnel to consider his grievance on the merits.

Petitioner is a highway maintenance equipment operator employed by the Illinois Department of Transportation. He was suspended from work for three days without pay for insubordination and abusiveness to a superior. He brought a grievance against the Department of Transportation protesting the suspension and an unfavorable performance evaluation. At each step of the grievance procedure his case was denied consideration because he insisted upon being represented by private counsel. Petitioner was informed that as he was represented by a collective bargaining agent, the Illinois Conference of Teamsters, he was required by the rules of the State Department of Personnel and the collective bargaining agreement to be accompanied or represented by the exclusive bargaining representative. If he refused to abide by these rules he would not be heard. Following the last stage of the grievance procedure, in which the State Director of Personnel denied him a hearing because of his insistence in being represented by private counsel, petitioner petitioned the circuit court for a writ of *certiorari.*

The trial court granted his petition, ordering the Department of

Personnel to bring before it the record of proceedings below in order that it might consider petitioner's argument. Respondent moved to quash the writ.

The court thereupon quashed the writ, making the following findings:

"1. The respondents have not acted without jurisdiction to act.

2. The respondents have not exceeded their jurisdiction.

3. The respondents have not acted illegally.

4. The petitioner has failed to follow accepted procedures for obtaining a hearing on his grievances and, in effect, has caused the lack of a hearing.

5. The granting of the Writ of Certiorari is not necessary to prevent substantial injury to petitioner.

6. The granting of said Writ would cause great inconvenience to respondents.

7. The subject matter is not a proper one for the issuance of the Writ of Certiorari.

8. The Writ of Certiorari was improvidently granted."

■■ First we must consider respondent's argument that *certiorari* should not lie because there was no record to bring before the court: no administrative hearing preceded the petition for a writ of *certiorari*. The matter about which petitioner seeks relief, however, is the fact that he was denied a hearing. The denial by the Director of Personnel and the documents upon which he based his ruling are all the record necessary to our resolution of the issue petitioner raises. Moreover, we may take judicial notice of the Rules of the Department of Personnel. (*Sturm v. Block* (1979), 72 Ill. App. 3d 306, 390 N.E.2d 912.) Denial of a hearing to a grievant is a quasijudicial act for which the grievant may seek court review. We think also that it was proper for petitioner to seek judicial review by means of a petition for a writ of *certiorari*. The State Personnel Code (Ill. Rev. Stat. 1979, ch. 127, par. 63b101 *et seq.*) provides only for judicial review under the Administrative Review Act (Ill. Rev. Stat. 1979, ch. 110, par. 264 *et seq.*) of decisions of the Civil Service Commission. As this matter has gone before the Department of Transportation and the Director of Personnel, and not the Civil Service Commission, judicial review cannot be sought pursuant to the Administrative Review Act. When judicial review cannot be had under that act, to petition for a writ of *certiorari* is a proper procedure for court review. *Smith v. Department of Public Aid* (1977), 67 Ill. 2d 529, 367 N.E.2d 1286; *Goodfriend v. Board of Appeals* (1973), 18 Ill. App. 3d 412, 305 N.E.2d 404.

■■ The scope of a court's authority in a *certiorari* proceeding is to examine the record of the lower tribunal and "ascertain whether the agency had jurisdiction, whether it exceeded its jurisdiction, whether it

proceeded according to law and acted on evidence, and whether there is anything in the record which fairly tends to sustain the action of the agency." *Quinlan & Tyson, Inc. v. City of Evanston* (1975), 25 Ill. App. 3d 879, 884, 324 N.E.2d 65.

The Department of Personnel has jurisdiction to establish a plan for resolving employee grievances and complaints. (Ill. Rev. Stat. 1979, ch. 127, par. 63b108c(1).) The question before us is whether, in establishing this plan, the department can require an employee to accept his collective bargaining representative as his representative in grievance proceedings.

Section III of the Department of Personnel rules addresses conditions of employment, and 3—45 concerns representation at grievance proceedings:

"In discussions or meetings with the employer in Steps 2, 3 or 4 of the Grievance Procedure, the employee shall be entitled to be present and may be accompanied or represented by the exclusive bargaining representative or, if there is no such representative, any other person."

Respondents contend that only the exclusive bargaining representative, in this case the Teamsters' Union, may accompany petitioner in the presentation of his grievance. A grievant declining the assistance of the bargaining representative and electing to pursue the matter with private counsel forfeits his right to have his grievance heard.

■■ It is well recognized that State employees may bargain collectively. (*Chicago Division of Illinois Education Association v. Board of Education* (1966), 76 Ill. App. 2d 456, 222 N.E.2d 243.) It is also readily acknowledged that in a collective bargaining agreement a State agency may not delegate to the employees' bargaining agent its decision making power. (*Lockport Area Special Education Cooperative v. Lockport Area Special Education Cooperative Association* (1975), 33 Ill. App. 3d 789, 338 N.E.2d 463.) A rule providing for representation of an employee in a grievance proceeding by the collective bargaining agent does not give the collective bargaining agent decision making powers, however. The union representative advocates the employees' position, but he does not pass judgment on it.

Petitioner argues, however, that to require him to accept representation by the collective bargaining agent and not to permit him to be represented by the attorney of his choice violates his rights to due process and equal protection.

■■ Due process at a minimum requires that " 'deprivation of life, liberty or property by adjudication be preceded by notice and opportunity for hearing appropriate to the nature of the case.' [Citation.]" (*Goss v. Lopez* (1975), 419 U.S. 565, 579, 42 L. Ed. 2d 725, 737, 95 S. Ct. 729, 738.) Respondent concedes that petitioner has a property interest in his civil

service position. Petitioner therefore must be afforded that due process of law which is appropriate to a proceeding which has in issue a three-day suspension and an unfavorable performance evaluation which may possibly affect him in his future career. A review of existing case law reveals no precedent for or against petitioner's position that he is entitled to privately retained counsel. It may be noted in passing, however, that the Supreme Court specifically recognized the right to representation by counsel in an administrative hearing in only one case to date. That case, *Goldberg v. Kelly* (1970), 397 U.S. 254, 25 L. Ed. 2d 287, 90 S. Ct. 1011, held that a welfare recipient was entitled to a pretermination hearing before his benefits were cut off. The Supreme Court, clearly considering termination of benefits a serious property deprivation, set out the procedural safeguards that must be following in the pretermination hearing. Among these is the opportunity for the recipient to retain private counsel, if he so desires. The property deprivation in that case, however, was much more serious than petitioner's in this case. Moreover, that case did not involve representative bodies recognized by administrative agencies as the spokesman for welfare recipients. Further, *Goldberg* does not purport to lay out the rules of procedure in all types of administrative hearings. As we noted above, "due process is flexible and calls for such procedural protections as the particular situation demands." (*Morrissey v. Brewer* (1972), 408 U.S. 471, 481, 33 L. Ed. 2d 484, 494, 92 S. Ct. 2593, 2600.) The Supreme Court in *Mathews v. Eldridge* (1976), 424 U.S. 319, 335, 47 L. Ed. 2d 18, 33, 96 S. Ct. 893, 903, listed three factors to consider in determining due process hearing requirements.

> "[F]irst, the private interest that will be affected by the official action; second, the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards; and finally, the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail."

In applying these factors to the present case it appears the matters to be considered are as follows:

The interest of petitioner consists of a three-day suspension without pay and an unfavorable report which may be considered in "determining salary increases * * *, as a factor in promotion tests * * *, and as a factor in determining salary decreases, the order of layoffs, reinstatement," and such matters. (Ill. Rev. Stat. 1979, ch. 127, par. 63b108b.14.) The risk of an adverse ruling regarding petitioner's interests appears to us to be no greater because of the requirement of representation by the collective bargaining agent. The collective bargaining agent acts on behalf of those it represents, not the Department of Personnel, and there

is no indication its representative role in grievance procedures would be less zealous than that of privately retained counsel.

The government's interest seems to favor representation by the collective bargaining agent over that by private counsel. Private counsel would be unlikely to be as familiar with the procedure or substance of such hearings as a representative who regularly handles such grievances. Matters would be likely to proceed more smoothly and consistently with counsel who commonly represents workers in such cases.

In applying these factors, we think it doubtful that due process requires that a State employee subject to a three-day suspension be permitted to be represented by counsel. The issue may be viewed not as petitioner views it, as a deprivation of counsel to which he has a constitutional due process right, but as a benefit guaranteed him by Department of Personnel rules and a collective bargaining agreement. The collective bargaining agent and the Department of Personnel provided in the collective bargaining agreement that the bargaining agent would represent in grievance proceedings employees on whose behalf it bargains collectively. To provide for union representation of employees in grievance proceedings was accepted as proper in the context of private industry by the Supreme Court in *Vaca v. Sipes* (1967), 386 U.S. 171, 17 L. Ed. 2d 842, 87 S. Ct. 903. We do not think the status of highway maintenance equipment operators as civil service employees requires a conclusion that their collective bargaining agreement may not contain such a provision.

Petitioner further contends, however, that he is denied equal protection of the law, for while he must accept representation by the collective bargaining agent those State employees not represented by a collective bargaining agent may retain private counsel to represent them in grievance proceedings.

"The equal protection clauses of our constitution and of the United States Constitution do not prohibit the establishment of legislative classifications; nor do they require that all persons be treated uniformly." (*Friedman & Rochester, Ltd. v. Walsh* (1977), 67 Ill. 2d 413, 418, 367 N.E.2d 1325.) Only "when a governmental act classifies people in terms of their ability to exercise a fundamental right; [or] when the governmental classification distinguishes between persons, in terms of any right, upon some 'suspect' basis," will strict scrutiny of a statute be engaged in by the courts (J. Nowak, R. Rotunda, & J. Young, Constitutional Law 524 (1978)); otherwise, "a statutory classification will not be declared unconstitutional 'if any state of facts reasonably may be conceived to justify it.' " *Friedman & Rochester, Ltd. v. Walsh* (1977), 67 Ill. 2d 413, 419, quoting *Dandridge v. Williams* (1970), 397 U.S. 471, 25 L. Ed. 2d 491, 90 S. Ct. 1153.

We have determined, in the due process discussion, that there is no

fundamental right to counsel of choice in an administrative hearing of this type. Also, the classification of employees into those who are represented in collective bargaining and those who are not, is not a suspect classification, such as classifying persons by race or nationality. Therefore we may review Rule 3—45 only to determine whether " 'any state of facts reasonably may be conceived to justify it.' " *Friedman & Rochester, Ltd. v. Walsh* (1977), 67 Ill. 2d 413, 419, 367 N.E.2d 1325, 1327.

It may be argued that representation of a grievant by a collective bargaining agent would be in the best interests of efficiency and orderly administrative procedure, for the Department of Personnel would have before it advocates familiar with the grievance procedure. Those State employees who are not organized and who do not have collective bargaining agents obviously cannot have such advocates at their disposal. We do not think it violative of equal protection of the law that they be permitted to retain private counsel.

■■ We conclude that provision for representation in grievance proceedings by a collective bargaining representative is a proper subject of Department of Personnel's Rules and the collective bargaining agreement, and not violative of the constitutional guarantee of the due process of law and equal protection under the laws.

Affirmed.

LINDBERG and VAN DEUSEN, JJ., concur.