RICHARD H. BAKER, Plaintiff-Appellee, *v.* THE DEPARTMENT OF LAW ENFORCEMENT, Defendant-Appellant.

Second District   No. 83—613

Opinion filed June 13, 1984.

Neil F. Hartigan, Attorney General, of Springfield (Leslie J. Rosen, Assistant Attorney General, of counsel), for appellant.

Richard H. Baker & Associates, of Eola, for appellee.

PRESIDING JUSTICE SEIDENFELD delivered the opinion of the court:

The Illinois Department of Law Enforcement (Department) revoked the firearm owner's identification card held by Richard H. Baker. Following a hearing on Baker's complaint for administrative review, the circuit court reversed the Department's decision, finding that the cause for revocation, confinement in a penitentiary within the past five years, had not been proved. The Department appeals.

Section 8(c) of "An Act relating to the acquisition, possession and transfer of firearms ***" provides as material:

"Sec. 8. The Department of Law Enforcement has authority to *** revoke and seize a Firearm Owner's Identification Card previously issued under this Act only if the Department finds that the applicant or the person to whom such card was issued is or was at the time of issuance:

* * *

(c) A person convicted of a felony under the laws of this or any other jurisdiction within the prior 5 years *or a person confined to a penitentiary within the prior 5 years*; ***."

(Emphasis added.) Ill. Rev. Stat. 1981, ch. 38, par. 83—8(c).

The sole issue is whether the undisputed facts, that Baker, who was an adult, was convicted of misdemeanor offenses, sentenced to 364 days' imprisonment, and confined in the Vandalia Correctional Center, are sufficient to prove that he was confined in a "penitentiary."

Section 3—2—2 of the Unified Code of Corrections establishes the basic duty of the Department of Corrections in handling persons whom the judiciary has committed to its care, and accords that Department complete control over its institutions and programs. (Ill. Rev. Stat. 1981, ch. 38, par. 1003—2—2. See also Ill. Ann. Stat., ch. 38, par. 1003—2—2, Council Commentary, at 17 (Smith-Hurd 1982); and see, *e.g., People v. Williams* (1977), 66 Ill. 2d 179, 187.) In particular, the Code authorizes the Department of Corrections to "designate those institutions which shall constitute the State Penitentiary System." (Ill. Rev. Stat. 1981, ch. 38, par. 1003—2—2(c).) The admin-

istrative regulations of the Illinois Department of Corrections, of which we take judicial notice (see *Meylor v. Boys* (1981), 101 Ill. App. 3d 148, 150), list the Vandalia Correctional Center as a constituent of the penitentiary system.

Section 5—8—6(b) of the Unified Code of Corrections states that persons above the age of 17 who are sentenced to jail for 60 days or more "may be committed to the Department of Corrections." (Ill. Rev. Stat. 1981, ch. 38, par. 1005—8—6(b).) Further, the Department of Corrections may assign any person committed to it for less than one year to "any of its institutions, facilities or programs." Ill. Rev. Stat. 1981, ch. 38, par. 1005—8—6(b); see *People v. Paul* (1981), 93 Ill. App. 3d 302, 311.

The statutory scheme is in accord with the long-standing rule in Illinois that the legislature may provide that a misdemeanant be punished by confinement to the penitentiary. *People ex rel. Latimer v. Randolph* (1958), 13 Ill. 2d 552, 557, *cert. denied* (1958), 358 U.S. 852, 3 L. Ed. 2d 85, 79 S. Ct. 80.

Thus we conclude that the trial court erred when it decided that the plaintiff, a misdemeanant, could not be said to be confined in a "penitentiary."

The record supports the findings and conclusions of the administrative agency that Baker was confined in a penitentiary within the last five years. Accordingly, the trial court erred in reversing the Department's decision to revoke the plaintiff's firearm owner's identification card.

The judgment of the circuit court of Du Page County is reversed and the decision of the Illinois Department of Law Enforcement is reinstated.

Reversed.

LINDBERG and HOPF, JJ., concur.