TRI-R-VENDING SERVICE COMPANY, Plaintiff-Appellant, v. THE DEPARTMENT OF REVENUE, Defendant-Appellee.

First District (4th Division)   No. 1—87—2072

Opinion filed June 30, 1988.

Sullivan & Associates, Ltd., of Downers Grove (Daniel C. Sullivan, of counsel), for appellant.

Neil F. Hartigan, Attorney General, of Springfield (Shawn W. Denney, Solicitor General, and Respicio F. Vazquez, Assistant Attorney General, of Chicago, of counsel), for appellee.

PRESIDING JUSTICE JIGANTI delivered the opinion of the court:

The plaintiff, Tri-R-Vending Service Company, petitioned the Department of Revenue (Department) to compromise its retailers' occupational tax liability. The petition was denied by the Board of Appeals of the Department, and the plaintiff filed a complaint for administrative review. The Department filed a motion to dismiss the administrative review action on the ground that a decision by the Board of Appeals of the Department is not subject to review under the administrative review law because only final orders of the Department in administering the retailers' occupational tax law are subject to the administrative review law. The plaintiff contends that under the wording of the statute creating the Board of Appeals, the order of the Board of Appeals is in fact a final order of the Department and consequently subject to the administrative review law.

The plaintiff filed a petition for compromise of its tax liability as assessed by the Department under the Retailers' Occupation Tax Act (ROTA or Act) (Ill. Rev. Stat. 1985, ch. 120, par. 440 *et seq.*). Section 12 of the ROTA provides that the administrative review law shall ap-

ply to all administrative decisions of the Department in administering the Act. (Ill. Rev. Stat. 1985, ch. 120, par. 451.) Section 39b of the Civil Administrative Code of Illinois (Ill. Rev. Stat. 1985, ch. 127, par. 39b), which specifies the powers of the Department of Revenue, provides that the Department has the power to appoint a Board of Appeals "to review departmental actions in controversies involving the determination of tax liability arising under the tax laws administered by the department." (Ill. Rev. Stat. 1985, ch. 127, par. 39b20.) Section 39b20 further provides that review by the Board of Appeals shall be in accordance with departmental rules and regulations and that "[d]ecisions of the Board shall not take effect unless and until approved by the Director." (Ill. Rev. Stat. 1985, ch. 127, par. 39b20.) This section does not contain a provision making the administrative review law applicable to the decisions of the Board of Appeals.

Pursuant to its statutory authority to make necessary rules and regulations, the Department of Revenue adopted certain rules regarding review by the Board of Appeals. (86 Ill. Adm. Code 210 *et seq.* (1985).) Section 210.115 provides for "offers in compromise" as follows:

> "(a) A petition in the nature of an offer in compromise may be filed by the taxpayer. The only grounds for relief that may be propounded is uncertainty as to collectibility. *No such petition may be filed prior to an assessment of tax liability becoming final.*
>
> (b) 'An offer in compromise' is defined as a proposal by taxpayer to pay a sum certain in full satisfaction to taxpayer's unpaid amount of tax (including penalty and interest)." (Emphasis added.) (86 Ill. Adm. Code 210.115 (1985).)

The rules state that an assessment of tax liability becomes final "when all administrative hearings and proceedings in court to review such assessment have terminated or the time for the taking thereof has expired without such proceedings being instituted." (86 Ill. Adm. Code 210.101 (1985).) The plaintiff's petition for compromise was not grounded upon uncertainty as to collectibility, as required by the Board of Appeals rules. Rather, the petition was in the nature of an offer to settle the plaintiff's tax liability in order to allow both parties to avoid the expense of further litigation. Furthermore, there was no indication that the Department had issued a final assessment of tax liability prior to the filing of the petition, as is required by section 210.15 of the Board of Appeals rules and regulations. The petition for compromise was denied by the Board on August 7, 1986.

On September 10, 1986, the plaintiff filed a complaint for adminis-

trative review alleging that the Department of Revenue, through its Board of Appeals, issued an order denying the plaintiff's petition for compromise. The complaint alleged that the denial of the petition was against the manifest weight of the evidence, arbitrary and capricious, and violative of the plaintiff's right to due process of law. On March 31, 1987, the Department moved to dismiss the complaint for lack of jurisdiction on the ground that the administrative review law is not applicable to actions of the Board of Appeals. The trial court granted the Department's motion and dismissed the complaint.

■ The parties agree that the administrative review law is not of universal application, but rather applies only where it is adopted by express reference in the act creating or conferring power upon the administrative agency involved. (*White v. Board of Appeals* (1970), 45 Ill. 2d 378, 381, 259 N.E.2d 51.) The parties also agree that section 39b20 of the Civil Administrative Code, which creates the Board of Appeals, does not expressly adopt the administrative review law. To support its claim that administrative review is available, the plaintiff seeks to rely upon section 12 of the ROTA, which provides for administrative review of final orders of the Department of Revenue. The question before us, then, is whether the denial of the plaintiff's petition for compromise was a final order of the Department of Revenue.

■ Section 12 of the ROTA provides for judicial review under the administrative review law of all final administrative decisions of the Department in administering the ROTA, including final assessments of tax liability. (Ill. Rev. Stat. 1985, ch. 120, par. 451.) The rules of the Board of Appeals provide that a taxpayer may file a petition for compromise with the Board only after an assessment of tax liability has become final. (86 Ill. Adm. Code 210.115 (1985).) According to the rules, an assessment becomes final after "all administrative hearings and proceedings in court to review such assessment have terminated." (86 Ill. Adm. Code 210.101 (1985).) Thus, the administrative scheme envisions that the filing of a petition for compromise will involve a completely separate determination made after the Department's assessment of tax liability under the ROTA has been subject to administrative review. Because the Civil Administrative Code, which both create the Board of Appeals and empowers it "to review departmental actions in controversies involving the determination of tax liability arising under the tax laws administered by the department" does not provide that actions of the Board of Appeals are subject to judicial review under the administrative review law, we must conclude that the Board's denial of the plaintiff's petition for compromise is

not subject to administrative review. Ill. Rev. Stat. 1985, ch. 127, par. 39b20.

The plaintiff also argues that because decisions of the Board of Appeals require approval by the Director of the Department of Revenue, the order denying the plaintiff's petition for compromise was not really a decision of the Board of Appeals but rather a decision of the Department of Revenue. We are not persuaded by this argument. As stated above, the administrative scheme envisions that the Board's determination of a petition for compromise will involve a separate determination made after the Department's assessment of tax liability has been subject to administrative review. Under these circumstances, we do not accept the plaintiff's position that the Board's denial of the petition for compromise is simply advisory. The mere fact that the order must be issued with the approval of the Director of the Department does not transform the Board's order into an order of the Department of Revenue.

In view of the absence of an express adoption of the administrative review law in the act creating and conferring power upon the Board of Appeals, the circuit court had no jurisdiction under the administrative review law to review the Board's order and we accordingly have no jurisdiction of this appeal.

Appeal dismissed.

LINN and McMORROW, JJ., concur.