PHILGER, INC., Plaintiff-Appellee, v. THE DEPARTMENT OF REVE-
NUE, Defendant-Appellant.

Fifth District   No. 5—89—0507

Opinion filed February 27, 1991.

RARICK, P.J., specially concurring.

Neil F. Hartigan, Attorney General, of Springfield (Robert J. Ruiz, Solicitor General, and Jan E. Hughes, Assistant Attorney General, of Chicago, of counsel), for appellant.

Thompson & Mitchell, of Belleville (Kurt S. Schroeder, of counsel), for appellee.

JUSTICE GOLDENHERSH delivered the opinion of the court:

Defendant, the Department of Revenue of the State of Illinois, appeals from an order of the circuit court of St. Clair County finding that the decision of the Board of Appeals of the Department of Revenue (hereinafter Board) that plaintiff, Philger, Inc., was responsible for $20,000 in the retailers' occupation tax (hereinafter tax) (Ill. Rev. Stat. 1985, ch. 120, par. 451) on Augustine's Restaurant, a business purchased by plaintiff, was against the manifest weight of the evidence and remanding the cause to defendant to grant the relief requested by plaintiff. In this cause, defendant raises a single issue, namely, whether the circuit court had jurisdiction to review the decision of the Board. We affirm.

The facts of this case are not in dispute. On September 2, 1982, a lease with an option to purchase was entered into between Augustine's, Inc., lessor, and Ralph Augustine, lessee, for certain premises located in

Belleville known as Augustine's Restaurant. On November 12, 1982, Ralph Augustine assigned the lease and option to plaintiff. Prior to the assignment, Ralph Augustine's business manager and the treasurer of Philger, Inc., Geraldine Verdi, contacted defendant through defendant's employee, Dale Zeller, to inquire into the amount of tax owed by Augustine's Restaurant. In October 1982, Dale Zeller provided Geraldine Verdi with specific figures from a computer printout sheet of the amount owed by Augustine's Restaurant. On October 4, 1982, and again on November 12, 1982, plaintiff made payments to defendant totaling $2,495.70.

On January 27, 1983, defendant issued a bulk sales stop order in which defendant claimed a lien against plaintiff in the amount of $20,000 for past-due tax owed by Augustine's Restaurant. Thereafter, First National Bank, the bank responsible for financing plaintiff's purchase of Augustine's Restaurant, paid $4,890.35 on behalf of plaintiff for what was believed to be the remainder of the restaurant's past-due tax. Prior to the final closing of the sale between Ralph Augustine and plaintiff, Greg Goodman, a vice-president at First National Bank, questioned Dale Zeller about the status of the bulk-sales stop order. Zeller informed Goodman that the bulk-sales stop order was a matter of procedure and that it would be released as soon as the paperwork was processed in the Chicago office, since the entire amount of past-due tax owed by the restaurant had been paid.

The sale of Augustine's Restaurant to plaintiff closed on April 22, 1983. On March 14, 1984, defendant notified plaintiff of a demand of payment for $41,111.36 for tax accrued by Augustine's Restaurant prior to its sale to plaintiff. On March 23, 1984, plaintiff's attorney sent a letter to the Board and sent a copy of the letter to defendant's Bankruptcy, Bulk Sales and Probate Division seeking a review of defendant's demand for payment and requesting a determination that plaintiff not be held liable for payment of the tax. On May 4, 1984, defendant issued an amended bulk-sales stop order in the amount of $60,000.

Hearings were held before the Board on June 8, 1984, and December 3, 1984. On April 26, 1985, plaintiff's attorneys received a memorandum order from the Board finding no legal basis for the relief requested and denying plaintiff's petition. On May 24, 1985, plaintiff filed a complaint with the circuit court of St. Clair County under the Administrative Review Law (Ill. Rev. Stat. 1985, ch. 110, par. 3—101 et seq.) and section 12 of the Retailers' Occupation Tax Act (Ill. Rev. Stat. 1985, ch. 120, par. 451) seeking judicial review of the Board's order. Defendant filed a motion to dismiss which was denied. The circuit court also denied defendant's motion for interlocutory appeal by permission.

A hearing on plaintiff's complaint was held before the circuit court after which the circuit court entered an order finding the Board's decision against the manifest weight of the evidence. The circuit court set aside the Board's order and remanded the cause to defendant to grant the relief requested by plaintiff. Defendant concedes that there is some confusion as to the exact amount it seeks to collect from plaintiff. According to defendant's brief, however, defendant seeks only to collect the $20,000 on the original bulk-sales stop order.

The issue we are asked to address by defendant is whether the circuit court had jurisdiction to review the decision of the Board. Defendant argues that the decision of the Board was not reviewable under either the provisions of the Administrative Review Law (Ill. Rev. Stat. 1985, ch. 110, par. 3—101 *et seq.*) or by common law *certiorari*. Plaintiff responds that while a circuit court has no jurisdiction to review decisions of administrative boards under the Administrative Review Law where the statute creating such board does not adopt the provisions of the Administrative Review Law, the circuit court can still review a board's decision under common law *certiorari*. We find that at the time the complaint was filed, the decision of the Board was reviewable under common law *certiorari*.

■■ ■ The Administrative Review Law applies only where it is adopted by express reference in the act creating or conferring power upon the administrative agency involved. (*White v. Board of Appeals* (1970), 45 Ill. 2d 378, 381, 259 N.E.2d 51, 53.) Section 39b20 of the Civil Administrative Code (Ill. Rev. Stat. 1985, ch. 127, par. 39b20), which creates the Board, does not expressly adopt the Administrative Review Law. Therefore, the Board's decision cannot be reviewed under the Administrative Review Law. (*Tri-R-Vending Service Co. v. Department of Revenue* (1988), 172 Ill. App. 3d 348, 526 N.E.2d 574.) However, when judicial review cannot be had under the Administrative Review Law, a petition for writ of *certiorari* is a proper procedure under which the circuit court can review. (*Meylor v. Boys* (1981), 101 Ill. App. 3d 148, 150, 427 N.E.2d 1023, 1025; *Smith v. Department of Public Aid* (1977), 67 Ill. 2d 529, 367 N.E.2d 1286.) Moreover, even if a complaint is filed under the Administrative Review Law, and that act is later found to be inapplicable, the complaint is nevertheless sufficient to authorize review under common law *certiorari*. *Maddox v. Williamson County Board of Commissioners* (1985), 131 Ill. App. 3d 816, 475 N.E.2d 1349.

In *Maddox*, the plaintiff, a former county supervisor of assessments, filed an action in the circuit court of Williamson County for review of a decision of the defendant, the Williamson County Board of Commissioners, under the Administrative Review Law (Ill. Rev. Stat. 1983, ch. 110,

par. 3—101 *et seq.*). On appeal, the defendant contended that the plaintiff's complaint for administrative review was ineffective to vest the circuit court with subject matter jurisdiction to review its decision because there was no provision for review under the Administrative Review Law in the statute under which the board had acted. (See Ill. Rev. Stat. 1983, ch. 120, par. 484(a).) The defendant further contended that review was available to plaintiff only by means of common law *certiorari* and since the plaintiff failed to file its complaint under such procedure, the circuit court was without jurisdiction to review the decision of defendant. The *Maddox* court held that because " 'the substantial differences that at one time existed between common law and statutory *certiorari* have been all but obliterated' " (131 Ill. App. 3d at 822, 475 N.E.2d at 1353, quoting from *Smith v. Department of Public Aid* (1977), 67 Ill. 2d 529, 541, 367 N.E.2d 1286, 1293), the complaint, as filed under the Administrative Review Law, was sufficient to vest the circuit court with jurisdiction to review the defendant's decision.

■ In the instant case, plaintiff filed its complaint pursuant to the Administrative Review Law and section 12 of the Retailers' Occupation Tax Act (Ill. Rev. Stat. 1985, ch. 120, par. 451). As previously decided by our colleagues on the First District Appellate Court, a circuit court has no jurisdiction to review a decision of the Board under the Administrative Review Law because the act creating and conferring power upon the Board is without an express adoption of the Administrative Review Law. (See Ill. Rev. Stat. 1985, ch. 127, par. 39b20; *Tri-R-Vending Service Co. v. Department of Revenue* (1988), 172 Ill. App. 3d 348, 526 N.E.2d 574.) When judicial review cannot be had under the Administrative Review Law, the case is, nevertheless, reviewable under a petition for writ of *certiorari*. (*Meylor v. Boys* (1981), 101 Ill. App. 3d 148, 150, 427 N.E.2d 1023, 1025; *Smith v. Department of Public Aid* (1977), 67 Ill. 2d 529, 367 N.E.2d 1286.) In addition, in light of our decision in *Maddox*, the complaint in the instant case, filed under the Administrative Review Law, was sufficient to vest the trial court with jurisdiction to review the Board's decision. *Maddox v. Williamson County Board of Commissioners* (1985), 131 Ill. App. 3d 816, 475 N.E.2d 1349.

Defendant cites to *Tri-R-Vending Service Co. v. Department of Revenue* (1988), 172 Ill. App. 3d 348, 526 N.E.2d 574, to support its proposition that a circuit court does not have jurisdiction to review a decision of the Board. We find *Tri-R-Vending Service Co.* distinguishable from the case at bar. In *Tri-R-Vending Service Co.*, the plaintiff, a taxpayer, filed a petition for compromise of its tax liability with the defendant's Board of Appeals. The petition was denied by the Board, and the taxpayer filed a complaint for review under the Administrative Review Law. The

circuit court granted the defendant's motion to dismiss the complaint for lack of jurisdiction, and the First District Appellate Court dismissed the plaintiff's appeal on the grounds that the circuit court had no jurisdiction under the Administrative Review Law to review the Board's order because the Administrative Review Law had not been expressly adopted in the act creating or conferring power upon the Board. After a review of *Tri-R-Vending Service Co.*, it is apparent that the plaintiff therein did not make the argument that its complaint, filed under the Administrative Review Law, was sufficient to vest the circuit court with jurisdiction to review the Board's decision as provided for in *Maddox*. Therefore, the First District Appellate Court never addressed the issue before us.

It is well established in Illinois that circuit courts have the power to issue common law writs of *certiorari* to inferior tribunals whenever it can be shown that they have either exceeded their jurisdiction or have proceeded illegally and no direct appeal or other method of direct review of their proceedings is provided. (*Goodfriend v. Board of Appeals* (1973), 18 Ill. App. 3d 412, 418, 305 N.E.2d 404, 409.) Defendant contends, however, that because the Board functions in an equitable and discretionary manner, the Board's decisions are not subject to review. We are unconvinced by defendant's argument. We agree with defendant that the Board has broad discretionary powers. The broad discretionary power possessed by an administrative body is analogous to the discretion possessed by a court. Both courts and administrative bodies must exercise their discretion judiciously, not arbitrarily. (*Robert N. Nilles, Inc. v. Pollution Control Board* (1974), 17 Ill. App. 3d 890, 894, 308 N.E.2d 640, 643.) Under the circumstances herein, the circuit court was correct to set aside the order of the Board and to remand the cause to defendant to grant the relief requested by plaintiff.

Plaintiff did all that it could prior to the sale of Augustine's Restaurant to ensure that defendant would get the tax due it. After paying approximately $7,000 in tax, plaintiff was told by a representative of defendant, prior to the closing of the sale, that a bulk-sales stop order was a matter of procedure and that it would be released as soon as the paperwork was processed in the Chicago office as the entire amount of tax owed by Augustine's Restaurant had been paid. Despite this promise and nearly one year after the closing of the sale of the restaurant, defendant sought to recover taxes from plaintiff in amounts ranging from $20,000 to $60,000. Defendant cites the case of *Austin Liquor Mart, Inc. v. Department of Revenue* (1972), 51 Ill. 2d 1, 280 N.E.2d 437, in which our supreme court held the general rule is that the government is not estopped from collecting a tax due it because of pre-

vious mistakes or misinformation of its agents in attempting to collect the tax. What defendant fails to mention is the corollary to this rule, also stated in *Austin Liquor Mart, Inc.*, that the State does not have absolute immunity from the application of equitable principles, and the State can be estopped in the exercise of its power of taxation or the collection of revenue in order to prevent fraud or injustice. (51 Ill. 2d at 6, 280 N.E.2d at 440.) In the instant case, it would be an injustice for plaintiff to be required to pay the additional $20,000 demanded by defendant. The $20,000 which defendant seeks was a tax on sales made by the former owners of the restaurant, not on sales made by plaintiff. Had defendant demanded the money prior to the closing of the sale, the $20,000 could have been deducted from the purchase price. We find that the circuit court's decision was correct and was not against the manifest weight of the evidence.

For the foregoing reasons, the order of the circuit court of St. Clair County is affirmed, and the cause is remanded to the Board for further proceedings not inconsistent with this opinion.

Affirmed and remanded.

HOWERTON, J., concurs.

PRESIDING JUSTICE RARICK, specially concurring:

I concur in the result reached by the majority because of the unique factual scenario presented in this instance. I write this special concurrence, however, because I do not believe that normally a decision from the Board of Appeals of the Department of Revenue can be appealed. I believe that the Board was designed generally to sit as a "matter of grace," granting special relief (*i.e.*, deferred payments or installments, waiver of penalties) to the aggrieved taxpayer who has already been through the process of appealing the assessment itself. At that stage, such "arrangements" are a matter for the Department and the taxpayer alone. Here, however, there has been no appeal or review of the assessment itself or the taxpayer's liability, nor can there be. Yet, the taxpayer is entitled to some avenue of review of the Department's assessment of liability. For these reasons, I concur in the result reached by the majority.