JOHN P. ROCHON *et al.*, Petitioners, v. MATT RODRIGUEZ, Super-
intendent of Police, City of Chicago, *et al.*, Respondents.

First District (2nd Division) No. 1—96—4180

Opinion filed December 30, 1997.

Law Offices of Joseph V. Roddy, of Chicago (Joel L. Lipman and Joseph V. Roddy, of counsel), for appellants.

Brian L. Crowe, Corporation Counsel, of Chicago (Lawrence Rosenthal, Benna Ruth Solomon, and Jean Dobrer, Assistant Corporation Counsel, of counsel), for appellees.

JUSTICE COUSINS delivered the opinion of the court:

Appellants, John P. Rochon and Terrence Julian, were discharged from their positions as probationary police officers with the Chicago police department in February 1996. They appeal from the trial court's dismissal of their petition for administrative review in which they sought reinstatement of their positions from appellees Matt Rodriguez, superintendent of police for the City of Chicago, Thomas P. Sadler, director of personnel for the City of Chicago, and the City of Chicago. Appellants also appeal from the denial of their motion to reconsider. On appeal, appellants contend, *inter alia*, that they were entitled to judicial review of their claims and that they are entitled to reinstatement because they were disciplined twice for the same conduct.

## BACKGROUND

In their petition for administrative review, appellants allege the following facts. They began working as probationary police officers with the City of Chicago on August 7, 1995. On November 24, 1995, Rochon missed several classes at the Chicago Basic Recruit Training Program because he went home to get an inhaler for his asthma attack. On November 24, 1995, Julian missed several classes because he ingested certain medicine for his flu which caused him to oversleep his lunch hour. Appellants had no prior record of absences. On November 27, 1995, when appellants returned to work, they were removed from the training program and placed on desk duty. Appellants also allege that they were advised that they were being penalized for their absences, that they would not be able to graduate with their class on January 23, 1996, and that they would be required to begin training again with a new class. Appellants did not graduate

with their class and were terminated from the police department on February 2, 1996.

On March 5, 1996, appellants filed a petition for administrative review pursuant to section 3—112 of the Administrative Review Law (735 ILCS 5/3—112 (West 1992)) (Act), in which they contended that they were entitled to reinstatement because appellees did not have authority to punish them "multiple and successive times for the same conduct." On April 10, 1996, appellees filed a motion to dismiss appellants' petition pursuant to section 2—619 of the Code of Civil Procedure (735 ILCS 5/2—619 (West 1992)). Appellees argued that the trial court had no jurisdiction over the action because there had been no final decision of an administrative agency as required by the Act and that the superintendent's decision to terminate appellants did not constitute a final decision of an administrative agency. Appellees further argued that the Act did not allow for review of discretionary disciplinary decisions of the superintendent. After a hearing, the trial court dismissed the petition.

Thereafter, appellants filed a motion to reconsider to which appellees answered. A hearing was held on the motion at which the trial court, relative to the merits of appellants' complaint, stated that, in its view, appellants received one "continuous sanction" for their actions and were not punished twice for the same conduct. The trial court then dismissed the motion to reconsider. This appeal followed.

We reverse and remand.

ANALYSIS

Appellants contend that the superintendent violated section 2—84—050 of the City of Chicago Municipal Code (Chicago Municipal Code § 2—84—050 (1990)), when he suspended and later discharged them. Appellants further contend that they labeled their complaint as a "Petition for Administrative Review" because they believed that the superintendent rendered a final agency decision by acting on behalf of the City of Chicago. Appellants also argue that their complaint sufficiently stated a cause of action for common law *certiorari* or a writ of *mandamus* even if judicial review is not available under the Administrative Review Law. We disagree with appellants on these issues.

■ The Administrative Review Law applies only where it is adopted by express reference in the act creating or conferring power upon the administrative agency involved. *Philger, Inc. v. Department of Revenue*, 208 Ill. App. 3d 1066, 1069, 567 N.E.2d 773 (1991). In the instant case, appellants cite section 10—1—45 of the Illinois Munici-

pal Code (65 ILCS 5/10—1—45 (West 1992)) to support their argument that the superintendent's decision is reviewable under the Administrative Review Law. Section 10—1—45 of the Act provides:

> "§ 10—1—45. The provisions of the Administrative Review Law, and all amendments and modifications thereof, and the rule adopted pursuant thereto, shall apply to and govern all proceedings for the judicial review of final administrative decisions of a Civil Service Commission, or of the Police Board of a city of more than 500,000 population. The term 'administrative decision' is defined as in Section 3—101 of the Code of Civil Procedure." 65 ILCS 5/10—1—45 (West 1992).

Here, the decision to discharge appellants was made by the superintendent and not the Civil Service Commission or the police board. Therefore, the superintendent's actions are not reviewable under the Administrative Review Law.

■ Moreover, judicial review of appellants' petition was not available by common law *certiorari*. The purpose of the common law writ of *certiorari* is to have the entire record of an inferior tribunal brought before a reviewing court to determine, from the record alone, whether that body acted in accordance with applicable law. *Stratton v. Wenona Community Unit District No. 1*, 133 Ill. 2d 413, 427, 551 N.E.2d 640 (1990). The writ has its origins in chancery. *Hartket v. Will County Board of Review*, 106 Ill. App. 3d 950, 954, 436 N.E.2d 1073 (1982). Its application is limited to obtaining review over a decision by an inferior court or tribunal where that body has acted without jurisdiction, exceeded its jurisdiction or where it is shown that the court or tribunal did not follow the essential procedural requirements applicable to the cases before it. *City of Highwood v. Obenberger*, 238 Ill. App. 3d 1066, 1075, 605 N.E.2d 1079 (1992).

Appellants cite several cases to support their argument that they are entitled to judicial review under a writ of *certiorari*. However, these cases are distinguishable as they involved decisions by tribunals or lower courts. See *Maddox v. Williamson County Board of Commissioners*, 131 Ill. App. 3d 816, 475 N.E.2d 1349 (1985) (former county supervisor of assessments brought action for review of county board of commissioners); *Philger, Inc. v. Department of Revenue*, 208 Ill. App. 3d 1066, 567 N.E.2d 773 (1991) (purchaser of restaurant business brought action seeking administrative review of decision of the Board of Appeals of the Department of Revenue); *People ex rel. Vestuto v. O'Connor*, 351 Ill. App. 539, 115 N.E.2d 810 (1953) (discharged employee brought *mandamus* suit against Civil Service Commission); *People ex rel. Dever v. Wilson*, 107 Ill. App. 2d 223, 246 N.E.2d 863 (1969) (appointee brought *mandamus* suit against Civil Service Commission).

In the case *sub judice*, the superintendent is not a tribunal or inferior court. Moreover, the superintendent's decisions to discipline appellants were not judicial or quasi-judicial acts. Therefore, upon review of appellants' petition, it is our view that judicial review per a writ of *certiorari* is wholly inappropriate in this case.

■ Furthermore, *mandamus* was not an appropriate remedy in this case either. *Mandamus* relief is an extraordinary remedy used to direct a public official or body to perform a duty that the plaintiff has a clear right to have performed and that is ministerial, *i.e.*, a duty that does not involve the exercise of judgment or discretion. *Crump v. Illinois Prisoner Review Board*, 181 Ill. App. 3d 58, 60, 536 N.E.2d 875 (1989). *Mandamus* cannot be used to direct a public official or body to reach a particular decision or to exercise its discretion in a particular manner, even if the judgment or discretion has been erroneously exercised. *Daley v. Hett*, 113 Ill. 2d 75, 80, 495 N.E.2d 513 (1986). In the instant case, appellants had not established a clear right to be reinstated. Therefore, the trial court could not use *mandamus* to direct the superintendent to exercise his discretion.

■ However, even though the trial court could not order *mandamus* relief and had no jurisdiction to review appellants' petition under the Administrative Review Law or per a writ of *certiorari*, we believe appellants' petition stated a cause of action for which the chancery court had subject matter jurisdiction. In general terms, the subject matter jurisdiction of the circuit courts of this state is the power to hear a given class of cases. *City of Chicago v. Chicago Board of Education*, 277 Ill. App. 3d 250, 261, 660 N.E.2d 74 (1995). As derived from the Illinois Constitution, that jurisdiction extends to all justiciable matters with only limited exceptions. *City of Chicago*, 277 Ill. App. 3d at 261. Circuit courts have "original jurisdiction of all justiciable matters" with only limited exceptions. Ill. Const. 1970, art. VI, § 9. A justiciable question is one that involves the adverse legal interests of the parties. *Ligon v. Williams*, 264 Ill. App. 3d 701, 707, 637 N.E.2d 633 (1994). In application to any particular case, the subject matter jurisdiction of the court is the power to hear and determine those interests. *City of Chicago*, 277 Ill. App. 3d at 261. The circuit court's authority to exercise its jurisdiction and resolve a justiciable question is invoked through the filing of a complaint or petition. *Ligon*, 264 Ill. App. 3d at 707. These pleadings function to frame the issues for the trial court and to circumscribe the relief the court is empowered to order. *Ligon*, 264 Ill. App. 3d at 707. In our view, the petition filed in the instant case sufficiently framed the issues such that a justiciable question existed as to whether the superintendent had imposed a double punishment in contravention of sec-

tion 2—84—050 of the Chicago Municipal Code (Chicago Municipal Code § 2—84—050 (1990)). Section 2—84—050 of the Chicago Municipal Code provides in pertinent part:

"Subject to the rules of the department and the instruction of the board, said superintendent shall have the power and the duty:

\* \* \*

(4) To appoint, discharge, suspend or transfer the employees of the department other than the secretary of the board and to issue instructions to said employees other than the secretary in the line of their duties." Chicago Municipal Code § 2—84—050 (1990).

Appellants pled the following allegations in their petition regarding the discipline they received for their absences:

"6. On November 27, 1995, when both of the officers returned to work, they were removed from the Chicago Basic Recruit Training Program, placed on desk duty, and were advised that they were being penalized for the absence transgression and would not be able to graduate with the class on January 23, 1996, and would be required to start anew with a new class.

7. Both officers were then continued on duty but were not allowed to graduate with their class on January 23, 1996.

8. On Friday, February 2, 1996, each of the officers was terminated from the Chicago Police Department.

\* \* \*

12. \*\*\* No rule of the Chicago Police Department allows for successive and/or multiple punishments for the same conduct, and responents [sic] have no authority to order successive and/or multiple punishments."

In denying appellants' motion to reconsider, the trial court stated:

"I believe that I was correct when I ruled originally. I think facially, we have a situation here where I suppose you could characterize it as double discipline, but, really, even taking the Plaintiffs' [sic] position at face value, in essence, it is one sanction. It is a continuous sanction."

In our view, the trial court erred.

We recognize that the police department is not required to grant review of the superintendent's discretionary terminations of probationary police officers. *Brzana v. Martin*, 211 Ill. App. 3d 415, 421, 570 N.E.2d 411 (1991); *Romanik v. Board of Fire & Police Commissioners*, 61 Ill. 2d 422, 425, 338 N.E.2d 397 (1975). However, this general rule is not an absolute. Superintendents may fire probationary officers for any legal reason without a hearing; however, they cannot do so in an improper manner. *Messina v. City of Chicago*, 145 Ill. App. 3d 549, 556, 495 N.E.2d 1228 (1996). Thus, a probationary employee cannot be dismissed for a reason that has been the basis of

a previous disciplinary sanction. *Messina*, 145 Ill. App. 3d at 556; see also *Burton v. Civil Service Comm'n*, 76 Ill. 2d 522, 527-28 (1979). On that point, *Messina v. City of Chicago*, 145 Ill. App. 3d 549 (1996), is instructive.

In *Messina*, plaintiff, a bricklayer who was a probationary employee with the department of public works for the City of Chicago, was suspended for two days for allowing a racial insult to remain inscribed in fresh cement. After the suspension, plaintiff worked for the remainder of his probationary period without incident. 145 Ill. App. 3d at 551. He was discharged about four months later, one day before he would have attained career service status. Plaintiff brought an action for declaratory judgment challenging his discharge. In count I of the action, plaintiff alleged that he had been discharged in violation of the city's personnel rules, which provide that a department head may suspend a probationary employee without review of the action. 145 Ill. App. 3d at 551. Defendants did not dispute that plaintiff's suspension and discharge were based on the same incident. Nevertheless, the trial court dismissed the plaintiff's complaint for failure to state a cause of action. 145 Ill. App. 3d at 551. The appellate court reversed the trial court's dismissal of count I of the plaintiff's complaint. The appellate court stated that the city's personnel rules, which allowed the department head either to suspend or to discharge a probationary employee, did not allow the department head or anyone else to both suspend and later discharge a probationary employee as discipline for the same offense. 145 Ill. App. 3d at 555.

The facts in *Messina* are similar to the facts in the instant case. Here, as in *Messina*, appellants alleged facts which indicate that there is a material factual dispute as to whether they received double punishment for the same offense. Appellants alleged that, in November 1995, they were advised that they were being removed from the training program and put on desk duty as punishment for their absences. Appellants further alleged that, over two months later, appellants were terminated on the basis of the same absences. A motion for dismissal under section 2—619 (735 ILCS 5/2—619 (West 1992)) should only be granted in those cases where there are no material facts in dispute and the respondent is entitled to dismissal as a matter of law. *Frydman v. Horn Eye Center, Ltd.*, 286 Ill. App. 3d 853, 857, 676 N.E.2d 1355 (1997). Accordingly, we apply a *de novo* standard of review. *Frydman*, 286 Ill. App. 3d at 857.

Based on the facts alleged in appellants' petition, we hold that the trial court erred in granting appellees' motion to dismiss because material facts were in dispute as to whether appellants received

double punishment for their absences from the training program in contravention of section 2—84—050 of the Chicago Municipal Code (Chicago Municipal Code § 2—84—050 (1990)). Accordingly, the trial court's dismissal of appellants' petition is reversed and the cause is remanded for further proceedings consistent with this opinion.

Reversed and remanded.

RAKOWSKI and TULLY, JJ., concur.